**David Glenn NOLAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–01–01015–CR, 14–01–01017–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 27, 2003.

James M. Sims, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

In this consolidated appeal, appellant David Glenn Nolan challenges his convictions for aggravated kidnapping and aggravated sexual assault of a child. We affirm the trial court's judgment as to the kidnapping offense. Because we conclude that the use of appellant's prior deferred adjudication to enhance his punishment violated the constitutional prohibition against ex post facto laws, we reverse appellant's life sentence for aggravated sexual assault of a child and remand that case to the trial court for a new punishment hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After pleading guilty to aggravated kidnapping and aggravated sexual assault of a child, appellant received two life sentences from a jury. The two cases involved two different child complainants, S.A. and A.K.[1], both of whom attended the same elementary school. Each boy was walking home from school alone when appellant abducted him by impersonating a police officer.

### S.A.

In cause number 863,156, appellant pleaded guilty to the aggravated sexual assault of a child, S.A., in February of 2000. Sixteen years earlier, in 1984, appellant had been placed on deferred adjudication for ten years after pleading guilty to aggravated sexual assault of a child; in 1986, he was granted an early termination of deferred adjudication. At the punishment hearing for the 2000 offense, the State used the deferred adjudication from 1984 to enhance appellant's punishment. Appellant asserts that use of his 1984 deferred adjudication to enhance his punishment violates the Ex Post Facto Clause of the United States Constitution.

### A.K.

In cause number 862,772, appellant pleaded guilty to the aggravated kidnapping of A.K. in November of 2000. On a school-day afternoon, appellant told A.K. to get into his car because he was a police officer. The child complied and as appellant drove the car, he asked A.K. vulgar questions and then instructed A.K. to remove his pants and underwear. The child complied. Appellant then severely beat A.K.'s buttocks and repeatedly told the child to "take it like a man." Appellant stopped beating A.K. when a real police officer pulled appellant over for running a stop sign. Appellant told A.K. to pull his pants up before the police officer got to appellant's car, and A.K. complied. The officer issued a traffic citation that indicated the stop was made at 4:20 p.m. After the traffic stop, appellant drove A.K. to Jackson Middle School and released him. Appellant told A.K. not to tell anyone of the assault, threatening that something bad would happen if A.K. told anyone. A.K. ran home and told his mother what had happened.

---

1. To avoid revealing their identities, we assign fictitious initials to both children.

Minutes before appellant kidnapped A.K., he had tried to lure S.A. into his vehicle. S.A., however, recognized appellant as his attacker from several months before. S.A. ran home and told his mother, who immediately called the police. Police later traced the traffic citation A.K. had told them about to find and arrest appellant. S.A. and A.K. each identified appellant as the attacker.

## II. Issues Presented

Appellant asserts the following issues for review:

(A) As applied to appellant, is section 20.04(d) of the Texas Penal Code unconstitutionally vague?

(B) Does section 20.04(d) of the Texas Penal Code unconstitutionally place the burden of proof on the defendant in a criminal trial?

(C) Did the trial court err by refusing to submit appellant's proposed jury instruction?

(D) Viewing the evidence in the light most favorable to the verdict, could a rational trier of fact have found that appellant did not voluntarily release A.K. in a safe place?

(E) Does the use of appellant's 1984 deferred adjudication to enhance punishment under a 1997 statute violate the federal constitutional prohibition against ex post facto laws? [2]

## III. Analysis and Discussion

### A. Is section 20.04(d) of the Texas Penal Code unconstitutionally vague as applied to appellant?

■ In his first issue on appeal from his kidnapping conviction, appellant asserts that section 20.04(d) of the Texas Penal

Code is unconstitutionally vague as applied in this case. Appellant has waived error, if any, on this issue because he failed to preserve error in the trial court. He also failed to adequately brief the issue in his appeal to this court.

■ To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. Tex.R.App. P. 33.1(a); *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim.App.2002). With few exceptions not applicable here, even constitutional complaints may be waived by the failure to raise a timely objection in the trial court. *See Saldano*, 70 S.W.3d at 886–89. A complaint that a statute is unconstitutional as applied because of vagueness must be raised in the trial court to preserve error. *McGowan v. State*, 938 S.W.2d 732, 741–42 (Tex.App.-Houston [14th Dist.] 1996), *aff'd on other grounds sub nom., Weightman v. State*, 975 S.W.2d 621 (Tex.Crim.App. 1998). Appellant has not cited, and we have not found, any place in the appellate record showing that appellant raised this issue in the trial court.

■ Even if appellant had preserved his first issue in the trial court, he has waived error by failing to adequately brief it on appeal. To present an issue for appellate review "the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(h). Appellant has not presented a single argument or citation in support of his first issue. He has not addressed any of the governing legal principles or applied them to the facts of this case. *See King v. State*, 17 S.W.3d 7, 23 (Tex.App.-Houston

---

**2.** This is the sole issue on appeal from appellant's conviction for aggravated sexual assault of a child.

[14th Dist.] 2000, pet. ref'd). Appellant's brief merely contains a sentence that says section 20.04(d) of the Texas Penal Code violates due process. Conclusory statements which cite no authority present nothing for appellate review. *Id.; see also Vuong v. State,* 830 S.W.2d 929, 940 (Tex. Crim.App.1992). Accordingly, we hold appellant has waived his complaint and overrule appellant's first issue.

**B. Does section 20.04(d) of the Texas Penal Code unconstitutionally shift the burden of proof to the defendant in a criminal trial?**

■ In his second issue, appellant asserts that section 20.04(d) of the Texas Penal Code is unconstitutional because it allegedly places the burden of proof on the defendant in a criminal trial. However, appellant's brief does not contain any argument or authorities which address the constitutionality of section 20.04(d), so appellant has waived any error on the constitutional issue by failure to brief. *See* Tex. R.App. P. 38.1(h); *King,* 17 S.W.3d at 23.

■ Even if appellant had not waived error, this issue still would fail because this court has held that section 20.04(d) does not violate due process or due course of law. *See Harrell v. State,* 65 S.W.3d 768, 770–71 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). The burden-shifting provision of section 20.04(d) does not violate due process because it does not negate any facts of the crime that the State has to prove in order to convict appellant of aggravated kidnapping. *See Patterson v. New York,* 432 U.S. 197, 205–211, 97 S.Ct. 2319, 2324–27, 53 L.Ed.2d 281 (1977) (holding that United States Constitution does not require a State to prove beyond a reasonable doubt every fact which the State recognizes as a mitigating circumstance affecting the degree of culpability or the severity of punishment, as long as the State proves all elements of the crime beyond a reasonable doubt). Appellant pleaded guilty and raised safe release at the punishment hearing. If appellant had not pleaded guilty, then the State would have had to prove that appellant intentionally or knowingly restricted A.K.'s movements without his consent so as to interfere substantially with his liberty by moving him from one place to another or by confining him with intent to prevent his liberation by secreting or holding him in a place where he was not likely to be found and with intent to inflict bodily injury on A.K. *See* Tex. Pen.Code §§ 20.01, 20.04(a). In attempting to prove that he voluntarily released A.K. in a safe place, appellant was not negating any of these facts of the crime that the State would have had to prove to convict appellant of aggravated kidnapping. Therefore, the fact that section 20.04(d) allows mitigation of punishment if appellant proves that he voluntarily released A.K. in a safe place does not unconstitutionally shift the burden of proof to appellant on an element of the offense of aggravated kidnapping. *See Patterson,* 432 U.S. at 198–211, 97 S.Ct. at 2321–27; *Harrell,* 65 S.W.3d at 770–71.

■ Under his second issue, appellant also argues that the State has the burden of proof under section 20.04(d). This argument has no merit because the plain language of the statute places the burden of proof on appellant to show voluntary release in a safe place. In its entirety, section 20.04(d) of the Texas Penal Code provides:

(d) At the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

TEX. PEN.CODE § 20.04(d). Safe and voluntary release is not an element of aggravated kidnapping which the State must prove beyond a reasonable doubt. *Harrell,* 65 S.W.3d at 772. Rather, this provision allows a defendant who has been convicted of aggravated kidnapping to mitigate punishment, if he can prove by a preponderance of the evidence that he voluntarily released the victim in a safe place. *See Posey v. State,* 966 S.W.2d 57, 62–63 (Tex. Crim.App.1998). Accordingly, we overrule appellant's second issue.

### C. Did the trial court err by refusing to submit appellant's proposed jury instruction?

■ In his third issue, appellant asserts that the trial court erred by refusing to submit his requested jury instruction on the issue of release in a safe place. In reviewing complaints concerning the jury charge, this court applies a two-pronged analysis. *Abdnor v. State,* 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994). First, we determine whether there is error in the jury charge. *Id.* If so, we then determine

whether that error caused sufficient harm to require reversal. *Id.*

■ The trial court's jury charge provided an instruction that closely tracks the language of section 20.04(d) and sets forth the applicable mandatory sentencing ranges.[3] We have examined the jury charge, and we conclude it does not contain error. Furthermore, contrary to existing law, appellant's requested instruction did not place the burden of proof on him.[4] A trial court does not err by refusing to submit a charge that is contrary to existing law. *See Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986). Thus, the trial court did not err in refusing appellant's requested instruction. Accordingly, we overrule appellant's third issue.

### D. Viewing the evidence in the light most favorable to the verdict, could a rational trier of fact have found that appellant failed to voluntarily release A.K. in a safe place?

■ In his fourth issue, appellant challenges the legal sufficiency of the evidence

**3.** The relevant portion of the jury charge provided:

Now, bearing in mind the foregoing instructions, if you believe the defendant proved by a preponderance of the evidence that the defendant, having committed the felony offense of aggravated kidnapping, voluntarily released [A.K.] in a safe place, you must make an affirmative finding as to the special issue, and the punishment you must assess is by confinement in the institutional division of the Texas Department of Criminal Justice for any term of not more than twenty years or less than two years. In addition, a fine not to exceed $10,000.00 may be imposed.

But, if you do not believe the defendant proved by a preponderance of the evidence that the defendant, having committed the felony offense of aggravated kidnapping, voluntarily released [A.K.] in a safe place, you must make a negative finding as to the special issue, and the punishment you must

assess is by confinement in the institutional division of the Texas Department of Criminal Justice for life or for any term of not more than ninety-nine years or less than five years. In addition, a fine not to exceed $10,000.00 may be imposed.

**4.** Appellant's requested instruction stated:

Now, bearing in mind the foregoing instructions, if you believe the evidence shows by a preponderance of the evidence that the defendant, having committed the felony offense of aggravated kidnapping, voluntarily released [A.K.] in a safe place, you must make an affirmative finding as to the special issue;

But if you do not believe that the evidence shows by a preponderance of the evidence that the defendant, having committed the felony offense of aggravated kidnapping, voluntarily released [A.K.] in a safe place, you must make a negative finding as to this special issue.

to support the jury's finding that he did not release A.K. in a safe place. Because appellant had the burden of proof on whether he released the victim in a safe place, appellant can only prevail if the record shows as a matter of law that appellant released A.K. in a safe place. *See Cover v. State*, 913 S.W.2d 611, 619 (Tex. App.-Tyler 1995, pet. ref'd). In reviewing whether a disputed point has been established as a matter of law, we first examine the record for evidence which supports the finding while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, we then examine whether the contrary finding is established as a matter of law. *Id.*

In assessing whether appellant released his victim in a safe place, we consider the following factors: (1) the remoteness of the location; (2) the proximity of authorities or persons who could aid or assist; (3) the time of day; (4) climatic conditions; (5) the condition of the victim; (6) the character of the location or surrounding neighborhood; and (7) the victim's familiarity with the location or surrounding neighborhood. *See Harrell*, 65 S.W.3d at 772–73.

The record shows appellant released A.K., who had been injured as a result of the beating, at Jackson Middle School, located at 5100 Polk, in Houston, at some time between 4:20 p.m. and 5:00 p.m. We conclude that the evidence in the record does not establish that at that time Jackson Middle School was a safe place to release the victim as a matter of law. *See Lavarry v. State*, 936 S.W.2d 690, 697 (Tex.App.-Dallas 1996, pet. dism'd) (determination is based on the safety of the place of release, not on subjective factors). The record contains no evidence of the climatic conditions on the day in question or of the character of the neighborhood in which Jackson Middle School is located, nor is

there any evidence as to the safety of the surrounding area. Nothing in the record indicates whether the release was during school hours or at a time when school activities were ongoing, whether there were students, teachers, or other people in the area, whether the victim was familiar with the campus, whether the gates and doors to the school were unlocked, or whether school authorities were in the school or on campus at the time of the release. Further, appellant did not show whether the surrounding area was generally safe or crime-ridden. *See Gibbons v. State*, 652 S.W.2d 413, 415 (Tex.Crim.App. [Panel Op.] 1983) (holding that evidence was sufficient to support finding of release in unsafe area where complainant was released near a high-crime area), *superseded by statute in part on other grounds as stated in Ex parte Butler*, 884 S.W.2d 782, 784 (Tex.Crim.App.1994). Traffic conditions, especially between 4:20 p.m. and 5:00 p.m., may have rendered the middle-school campus a dangerous place to release a frightened and injured child of elementary-school age. Appellant failed to produce evidence on factors critical to determining the safety of the place of release. Therefore, we conclude that appellant did not prove as a matter of law that he released A.K. in a safe place. Accordingly, we overrule appellant's fourth issue.

In his argument, appellant requests that this court review the factual sufficiency of the evidence if we find the evidence legally sufficient to sustain the jury's verdict. Although appellant has briefed factual sufficiency, he failed to present it as an issue for review and thereby waived error. *See* TEX.R.APP. P. 38.1(e); *Dudley v. State*, 58 S.W.3d 296, 300 n. 4 (Tex.App.-Beaumont 2001). Nevertheless, we have examined the factual sufficiency of the evidence in the interest of justice. In reviewing factual sufficiency we assess

whether, after considering all the evidence relevant to the issue at hand, the jury's finding is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Harrell*, 65 S.W.3d at 772. Based on the seven factors listed above, we conclude that the jury's verdict is not so against the great weight and preponderance of the evidence so as to be manifestly unjust. *See id.* at 773.

Having overruled appellant's four issues directed at his aggravated-kidnapping conviction, we affirm the trial court's judgment in Cause Number 14–01–01017–CR.

### E. Does the use of appellant's 1984 deferred adjudication to enhance punishment under a 1997 statute violate the federal constitutional prohibition against ex post facto laws?

■ In his sole issue on appeal from his conviction for aggravated sexual assault of a child, appellant asserts that the trial court violated the federal constitutional prohibition against ex post facto laws by permitting the State to use appellant's 1984 deferred adjudication to enhance punishment under section 12.42(g)(1) of the Texas Penal Code, which did not exist in 1984. The Legislature enacted this section in 1997 to allow a prior deferred adjudication to be used for purposes of enhancing punishment for repeat and habitual offenders under section 12.42(c)(2) of the Penal Code. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex. Gen. Laws 2250, 2252, *amended by* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 15.01, 1999 Tex. Gen. Laws 127, 357. Section 12.42(g)(1) provides:

(g) For the purposes of Subsection (c)(2):

(1) a defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision....

TEX. PEN.CODE § 12.42(g)(1).

Before 1997, under article 42.12, section 5(c)(1) of the Code of Criminal Procedure, the court or jury could consider prior deferred adjudications in assessing punishment for a subsequent conviction, but the deferred adjudication was not deemed a conviction under the repeat-offender statute. *See Davis v. State*, 968 S.W.2d 368, 372 (Tex.Crim.App.1998) (discussing how the Legislature enacted section 5(c)(1) to make deferred-adjudication evidence admissible at punishment hearings). The repeat-offender statute mandates an automatic life sentence for a criminal defendant who has certain prior felony convictions and who is later convicted of a crime listed in the statute. *See* TEX. PEN.CODE § 12.42(c)(2). In relevant part, the repeat-offender statute provides:

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021 [aggravated sexual assault], Penal Code;

...

and

(B) the defendant has been previously convicted of an offense:

...

(ii) under ... 22.021[aggravated sexual assault], ... Penal Code.

TEX. PEN.CODE § 12.42(c)(2).

At trial, appellant's 1984 deferred adjudication for aggravated sexual assault of a

child was deemed a conviction, and it triggered an automatic life sentence for his 2001 conviction for aggravated sexual assault of a child. Appellant argues that, under the circumstances, the repeat-offender statute operated as an ex post facto punishment because he received deferred adjudication in 1984 under a statute which stated that "[a] dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (former Tex.Code Crim. Proc. art. 42.12, § 3d(c)), *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500–01, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3719–20, *amended by* Act of May 26, 1995, 74th Leg., R.S., ch. 256, § 2, 1995 Tex. Gen. Laws 2190, 2191, *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 1, 1997 Tex. Gen. Laws 2250, 2250–51 (current version at Tex.Code Crim. Proc. art. 42.12, § 5(c)(1)).

The Ex Post Facto Clause of the United States Constitution prohibits retroactive imposition of punishment under penal statutes. U.S. Const. art. I, § 10; *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). A statute violates the Ex Post Facto Clause if it changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed. *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim.App.1994). The use of a conviction that predates an enhancement statute does not violate the Ex Post Facto Clause because providing a greater penalty for subsequent conviction does not increase punishment for the first act, but rather, is consonant with the truth that "repetition of criminal conduct aggravates ... guilt

and justifies heavier penalties." *Vasquez v. State*, 477 S.W.2d 629, 632 (Tex.Crim. App.1972) (quoting *Graham v. West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912)). This case, however, presents a different issue because appellant successfully completed deferred adjudication under a statute that expressly provided the deferred adjudication would "not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (amended 1989, 1993, 1995, 1997).

The Texas Court of Criminal Appeals recently found a violation of the Ex Post Facto Clause when the trial court treated a successfully completed deferred adjudication as a conviction under section 12.42(g)(1) and when deferred adjudication had been granted under the 1991 version of article 42.12, section 5(c) of the Texas Code of Criminal Procedure. *See Scott v. State*, 55 S.W.3d 593, 595–98 (Tex.Crim. App.2001). In *Scott*, the defendant had been convicted of aggravated sexual assault of a child and objected to the State's use of his 1991 deferred adjudication for indecency with a child to trigger an automatic life sentence under section 12.42(g)(1). *See id.* at 594–96. The *Scott* court held, under facts substantially similar to those in this case, that treating the deferred adjudication as a conviction negated the express limitation contained in the deferred-adjudication statute, on which the defendant was entitled to rely. *See id.* at 597–98. Our high court reasoned that removal of the statutory restriction increased the collateral consequences of the offense and therefore amounted to an ex post facto increase in punishment for the deferred-adjudication offense. *See id.*

Under *Scott*, the trial court's treatment of appellant's 1984 deferred adjudication

as a conviction to enhance punishment under section 12.42(g)(1) violates the Ex Post Facto Clause. *See id.* Appellant successfully completed deferred adjudication under a statute that was the predecessor statute to the deferred-adjudication statute involved in *Scott. See* Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (amended 1989, 1993, 1995, 1997). The relevant language of the statute under which appellant received deferred adjudication in 1984 is identical to the language of the deferred-adjudication statute at issue in *Scott. Compare id. with* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501 (amended 1993, 1995, 1997); *see also Scott,* 55 S.W.3d at 595 (quoting 1991 version of Tex.Code Crim. Proc. art. 42.12, § 5(c)(1)). As in *Scott,* use of section 12.42(g)(1) to treat appellant's prior deferred adjudication as a conviction violates the Ex Post Facto Clause because the preexisting deferred adjudication statute expressly provided that appellant's deferred adjudication would not be deemed a conviction:

> A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, *except* that upon conviction of a subsequent offense, the fact that the defendant had previously received probation *shall be admissible before the court or jury to be considered on the issue of penalty.*

Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (amended 1989, 1993, 1995, 1997) (emphasis added).

The State contends that the clause containing the exception in the above statute distinguishes this case from *Scott* and nullifies any apparent ex post facto issue because appellant's deferred adjudication was "used" at a punishment hearing. This argument fails because the same language was contained in the version of this statute addressed in *Scott. See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501 (amended 1993, 1995, 1997); *Scott,* 55 S.W.3d at 595. Although the *Scott* court did not quote the exception language, it alluded to it and stated that this language did not allow use of a deferred adjudication to enhance punishment for a subsequent offense. *See Scott,* 55 S.W.3d at 595. The exception language applies to those instances in which a prior or pending deferred adjudication, though not deemed a conviction, is admissible into evidence at the punishment hearing. *See Brown v. State,* 716 S.W.2d 939, 948–50 (Tex.Crim.App.1986). The *Scott* holding governs the disposition of appellant's ex post facto challenge and requires that we find an ex post facto violation. *See Scott,* 55 S.W.3d at 594–98.

Having sustained appellant's sole issue on appeal from his conviction for aggravated sexual assault of a child, we reverse the trial court's sentence in Cause Number 14–01–01015–CR (the aggravated-sexual-assault case) and remand for a new punishment hearing.

ANDERSON, J. concurring.

JOHN S. ANDERSON, Justice, concurring.

I concur in the majority's resolution of appellant's *ex post facto* issue.

In 1986 when appellant completed deferred adjudication for aggravated sexual assault of a child, and was discharged by the trial court, the law provided that such discharge could not be deemed a conviction. *See* Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, sec. 3d(c), 1975 Tex. Gen. Laws 572, 573 (subsequently amended, current version at Tex.Code Crim. Proc.

art. 42.12, § 5(c) (Vernon Supp.2003)). But in 2001 that discharge was, under Penal Code section 12.42(g)(1), deemed a conviction for purposes of enhancement of his punishment to life imprisonment. *See* TEX. PEN.CODE ANN. § 12.42(c)(2), (g)(1) (Vernon 2003). Because section 12.42(g)(1) quantitatively increased the punishment above that permitted for successful completion of deferred adjudication at the time appellant pleaded guilty and received deferred adjudication, that law violates the ban on *ex post facto* lawmaking in Article I, section 10 of the United States Constitution.

Although the Latin phrase *"ex post facto"* literally encompasses any law passed "after the fact," it has long been recognized by the United States Supreme Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them. *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). To fall within the *ex post facto* prohibition, a law must be retrospective-that is, it must apply to events occurring before its enactment-and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime. *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997).

There are four categories of *ex post facto* laws. First, every law that makes an action done before the passing of the law and which was innocent when done, criminal, and punishes such action. Second, every law that aggravates a crime, or makes it greater than it was, when committed. Third, every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. Fourth, every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offence, in order to convict the offender. *Lynce,* 519 U.S. at 441 n. 13, 117 S.Ct. at 895 n. 13. The statute at issue here falls within the third of the four categories listed.

Whether a particular law retroactively increases a criminal punishment is often a close question. *Lynce,* 519 U.S. at 450, 117 S.Ct. at 900 (Thomas J., concurring). Here, however, the retrospective aspect of section 12.42(g)(1) is manifest. The trial court deferred adjudication of appellant's offense based on his plea of guilty, and placed appellant on community supervision. Appellant successfully completed his community supervision and was discharged. At the time of his discharge, former Code of Criminal Procedure article 42.12, section 3d(c) specifically provided that dismissal and discharge would not be deemed a conviction. *See* Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, sec. 3d(c), 1975 Tex. Gen. Laws 572, 573 (subsequently amended, current version at TEX.CODE CRIM. PROC. art. 42.12, § 5(c) (Vernon Supp.2003)); *see also Scott v. State,* 55 S.W.3d 593, 595 (Tex.Crim.App. 2001) (quoting TEX.CODE CRIM. PROC. ANN. Art. 42.12, § (5)(c) (1990)). Certain exceptions were listed, but none involved the use of a deferred adjudication to enhance a subsequent offense. *See Scott,* 55 S.W.3d at 595. Appellant was entitled to rely on that restriction on the use of his offense. *Id.* at 597.

But the Legislature had other ideas. In 1997 and 1999, the Legislature amended Penal Code section 12.42 to include a provision that made a deferred adjudication count as a conviction. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex. Gen. Laws 2250, 2252, *amended by* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 15.01, 1999 Tex.Gen.Laws 127, 357 (current version at TEX. PEN.CODE ANN.

§ 12.42(g)(1) (Vernon 2003)).[1] Through the language in subsection (g)(1), a defendant is deemed to have been previously convicted of the offenses enhancing the punishment to life in section 12.42(c)(2) if the defendant entered a plea of guilty in return for a grant of deferred adjudication, regardless of whether the sentence was probated and the defendant was subsequently discharged from community supervision. TEX. PEN.CODE ANN. § 12.42(g)(1) (Vernon 2003). Thus, appellant's lack of a conviction based on his completion of community supervision was retroactively converted into a conviction by section 12.42(g)(1).

When the Legislature increases punishment by the removal of a statutory restriction, that increase violates the ban on *ex post facto* laws. *Scott,* 55 S.W.3d at 598. Because section 12.42(g)(1) increased appellant's punishment by removing a restriction on the use of his 1984 offense, it is an *ex post facto* law. Accordingly, I concur with the majority that appellant is entitled to a new punishment hearing without the pernicious effects of section 12.42(g)(1).

---

**1.** In 1997, the Legislature added the definitional language in what is now Penal Code section 12.42(g), but erroneously referenced that section to Penal Code section "(d)(2)," rather than (c)(2). *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 4, 1997 Tex. Gen. Laws 2250, 2252. The legislature corrected the error in 1999, so that the definitional section referenced the section mandating life imprisonment for certain repeat offenders. *See* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 15.01, 1999 Tex. Gen. Laws 127, 357.