Reversed and Remanded and Opinion filed April 24, 2007








Reversed and
Remanded and Opinion filed
April 24, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00368-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

JAMES ROGER PIEPER, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1043212

 



 

O P I N I O N

The State of Texas, appellant, charged appellee, James
Roger Pieper, with driving while intoxicated (ADWI@) and sought to
enhance the charge to the felony level by alleging that appellee had been
convicted of DWI twice before.  Appellee filed a motion to quash the indictment
on the grounds that the State=s attempt to enhance the charge to a
felony amounted to an unconstitutional ex post facto application of
Texas=s habitual DWI
offender statute.  The trial court granted appellee=s motion and
quashed the indictment.  We reverse and remand.

 








Factual and Procedural Background

On April 5, 1984, appellee committed the offense of DWI. 
Appellee pled nolo contendere to that charge on May 23, 1984, and was
placed on probation.  On May 22, 1986, the court found that appellee had
complied with the terms and conditions of his probation and discharged him.

On August 17, 1989, appellee again committed the offense of
DWI.  Appellee pled guilty to that charge on October 26, 1989, and was again
placed on probation.  On December 20, 1990, the court found that appellee had
complied with the terms and conditions of his probation and terminated the
probation early, and discharged him.

Appellee was charged with committing DWI a third time on
October 9, 2005.  Appellee was thereafter indicted for felony DWI pursuant to
sections 49.04(a) and 49.09(b)(2) of the Texas Penal Code.  Tex. Penal Code Ann. '' 49.04(a),
49.09(b)(2) (Vernon 2003 & Supp. 2006).  To establish felony jurisdiction
and a third-degree punishment range, the State alleged appellee had been
previously convicted of DWI in 1984 and again in 1989, which were Aoffense[s] under
Article 6701l-1, Revised Statutes, as that law existed before September
1, 1994.@  Tex. Penal Code Ann. ' 49.09(c)(1)(C).

Appellee subsequently filed a pre-trial motion to quash the
indictment, arguing the State=s attempt to use the enhancement
allegations to increase his alleged offense to the felony level, violated the
federal and Texas Constitutions= prohibition against using ex post
facto laws.  Specifically, appellee claims that the law applicable when he
pled nolo contendere and guilty to his previous DWI charges explicitly
restricted the State=s future use of those convictions and,
thus, provided him protection from collateral consequences arising out of those
prior offenses.  The trial court granted appellee=s motion and
quashed the indictment.  This appeal followed.








Discussion

In one issue on appeal, the State argues the trial court
abused its discretion when it granted appellee=s motion to quash
his indictment on the basis of ex post facto concerns.  The State argues
that the statutes used to enhance appellee=s charge were in
effect when he engaged in the conduct at issue in this appeal and, thus, he had
fair notice of that conduct=s consequences.  The State also argues no ex
post facto violation exists under the circumstances here because the
legislature, when it amended the DWI enhancement statute in 2005, did not
redefine criminal conduct or increase the punishment after the appellee
allegedly committed the underlying offense.

Citing primarily to Scott v. State, appellee
responds that the DWI statute in effect at the time of his prior convictions
expressly limited the collateral consequences of an offense, thus preventing the
State from using those convictions to enhance the current DWI charge to a
felony.  Scott v. State, 55 S.W.3d 593 (Tex. Crim. App. 2001).  Appellee
continues that if the State is allowed to use his prior DWI convictions to
enhance the current charge, this would violate the United States and Texas
Constitutions= prohibition on ex post facto laws.   We agree
with the State.

A.      The
Standard of Review.

Rulings on a motion to quash are reviewed for an abuse of
discretion.  Jordan v. State, 56 S.W.3d 326, 329 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d) (citing Thomas v. State, 621
S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980).  An appellate court should
affirm the trial court=s ruling unless it finds that the trial
court acted without reference to any guiding rules or principles by acting
arbitrarily or unreasonably.  Id. (citing Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

B.      What are Ex
Post Facto Laws?








AThe proscription against ex post facto
laws >necessarily
requires some explanation; for, naked and without explanation, it is
unintelligible, and means nothing.=@ Carmell v.
Texas, 529 U.S. 513, 521, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577 (2000)
(quoting Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed.648 (1798)).  Both the
United States and Texas Constitutions prohibit Texas from applying any ex
post facto law.  U.S. Const.
art. I, ' 10, cl. 1; Tex. Const. art. I, ' 16.  Texas
interprets the proscription against ex post facto laws in the Texas
Constitution to have the same meaning as the proscription against ex post
facto laws found in the United States Constitution.  Grimes v. State,
807 S.W.2d 582, 586 (Tex. Crim. App. 1991).  The ex post facto clauses
found in both the United States and Texas Constitutions prohibit four types of
laws.  They prohibit (1) laws that make an action done before the passing of the
law, and which was innocent when done, criminal, and punishes such action; (2)
every law that aggravates a crime, or makes it greater than it was, when
committed; (3) every law that changes the punishment and inflicts a greater
punishment than the law annexed to the crime when it was committed; and (4)
every law that alters the legal rules of evidence, and receives less, or
different testimony, than the law required at the time of the commission of the
offense in order to convict the offender.  Carmell, 529 U.S. at 522
(quoting Calder, 3 Dall. at 390).  When an appellate court engages in ex
post facto analysis, its sole concern is whether the statute assigns more
severe criminal or penal consequences to an act than did the law in place when
the act occurred and it is irrelevant whether the statutory change touches any
vested rights.  Grimes, 807 S.W.2d at 587 (citing Weaver v. Graham,
450 U.S. 24, 29 n.13, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

Both the United States Supreme Court and the Texas Court of
Criminal Appeals have addressed the issue of prior crimes used to enhance
punishment and have declined to find an ex post facto violation.  Scott
v. State, 55 S.W.3d at 597.  The general principle behind that
determination is that enhancement statutes penalize the new criminal offense
being enhanced rather than the prior offense used for enhancement: A[t]he punishment
is for the new crime only, but it is the heavier if he is an habitual criminal
. . . .  The statute, imposing a punishment on none but future crimes, is not ex
post facto.@  Id. (quoting McDonald v.
Massachusetts, 180 U.S. 311, 312B13, 21 S.Ct. 389,
390, 45 L.Ed.2d 542 (1901)).








C.      Does the
2005 Amendment of the Felony DWI Statute Violate the Proscription Against Ex
Post Facto Laws?

1.       The Law
Governing DWI and Its Enhancement at the Time of Appellee=s Prior DWI
Convictions.

On both April 5, 1984 and August 17, 1989 (the dates on
which appellee engaged in his previous criminal conduct), enhancements were
governed by former article 6701l-1 of the Revised Texas Statutes,
entitled AIntoxicated Driver; Penalty@:

Article 6701l-1.  INTOXICATED DRIVER; PENALTY

*                  *                  *

(b)     A person commits an offense if the person is
intoxicated while driving or operating a motor vehicle in a public place.  The
fact that any person charged with a violation of this section is or has been
entitled to use a controlled substance or drug under the laws of this state is
not a defense.

(c)     Except as provided by Subsections (d), (e),
and (f) of this article, an offense under this article is punishable by:

(1)     a fine of not less than $100 or more than
$2,000; and

(2)     confinement in jail for a term of not less
than 72 hours or more than two years.

(d)     If it is shown on the trial of an offense
under this article that a person has previously been convicted one time of an
offense under this article, the offense is punishable by:

(1)     a fine of not less than $300 or more than
$2,000; and

(2)     confinement in jail for a term of not less
than 15 days or more than two years.

(e)     If it is shown on the trial of an offense
under this article that the person has previously been convicted two or more
times of an offense under this article, the offense is punishable by:

(1)     a fine of not less than $500 or more than
$2,000; and

(2)     confinement in jail for a term of not less
than 30 days or more than 2 years or imprisonment in the state penitentiary for
a term of not less than 60 days or more than five years.








*                  *                  *

(h)     For the purposes of this article, a
conviction for an offense that occurs on or after January 1, 1984, is a final
conviction, whether or not the sentence for the conviction is probated.

(i)      A conviction may not be used for the
purpose of enhancement under Subsection (d) or (e) of this article if:

1.       the conviction was a final conviction under
the provisions of Subsections (g) and (h) of this article and was for an
offense committed more than 10 years before the offense for which the person is
being tried was committed; and

2.       the person has not been convicted of an
offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or
Article 6701l-1, or Article 6701l-2, Revised Statutes, committed
within 10 years immediately preceding the date on which the offense for which
the person is being tried was committed.

 

Acts
1983, 68th Leg., R.S., ch. 303, ' 3, 1983 Tex. Gen.
Laws 1568, 1574B77, repealed by Act of May 19,
1993, 73rd Leg., R.S., ch. 900 ' 1.15, 1993 Tex. Gen. Laws 3589, 3707; Act
of June 7, 1995, 74th Leg., R.S., ch. 318 ' 63, 1995 Tex.
gen. Laws 2734, 2755 (current version codified at Tex. Penal Code Ann. Ch. 49 (Vernon 2003 & Supp. 2006)). 
In both prior cases appellee was convicted under these statutory provisions.

Appellee was not eligible for deferred adjudication
probation in either case because he was pleading guilty or nolo contendere to
driving while intoxicated: AThis section [authorizing the court to
place certain defendants on deferred adjudication probation] does not apply to
a defendant charged with . . . an offense under Article 6701l-1, Revised
Statutes . . . .@  Tex. Code Crim. Proc. Ann. art. 42.12 ' 3d(d) (Vernon
Supp. 1983, 1988) (currently codified at Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(d)(1)(A)
(Vernon 2006)).  Instead, appellee was placed on regular probation in each case
pursuant to the trial court=s discretion as directed by Tex. Code Crim. Proc. Ann. art. 42.12 ' 3 (Vernon 1979). 
Appellee successfully completed both probations.

 








2.       The Law
Governing DWI and its Enhancement at the Time of Appellee=s Third DWI
Arrest.

Following both of appellee=s convictions,
probations, and discharges, Texas changed its law concerning which individuals
committing DWI offenses were subject to jurisdictional and punishment enhancements
with their prior DWI convictions.  In its most recent incarnation, which is the
version applicable to appellee=s October 9, 2005 charge, any prior DWI
conviction, regardless of when it occurred, may be used to enhance the charge
to achieve felony jurisdiction and increase punishment.  See Tex. Penal Code Ann. '' 49.09(b)(2),
49.09(d); see also Acts 2005, 79th Leg., R.S., ch. 996, ' 3, 2005 Tex. Gen.
Laws 3365, 3366, eff. Sept. 1, 2005 (repealing former penal Code section
49.09(e), which rendered certain prior convictions unavailable for
enhancement).  This new version of the DWI enhancement statute took effect on
September 1, 2005.  Id.  

 3.      The 2005
Amendment of the DWI Statute Is Not an Ex Post Facto Law.

As previously stated, when we engage in an ex post facto
analysis, our sole concern is whether the statute at issue assigns more severe
criminal or penal consequences to an act than did the law in place when the act
occurred.  Grimes, 807 S.W.2d at 587.  The act at issue is the conduct
leading to the current criminal charge.  Jordan, 56 S.W.3d at 332. 
Appellee=s conduct at issue
in this appeal occurred on October 9, 2005, more than a month after the new
statute took effect on September 1, 2005.  Since the DWI enhancement statute
did not change after October 9, 2005, the statute at issue does not assign more
severe criminal or penal consequences to appellee=s alleged act than
did the law in place when appellee=s alleged criminal
conduct occurred.  Therefore, the DWI enhancement statute is not an ex post
facto law as applied to appellee as it does not assign more severe criminal
or penal consequences to the act than did the law in place when the act
occurred.  Grimes, 807 S.W.2d at 587.








In his motion to quash and again in response to the State=s appeal, appellee
argues that the 2005 changes to the DWI enhancement statute, by permitting the
State to use appellee=s two prior DWI convictions to enhance his
current charge to a felony, violate the constitutional prohibitions against ex
post facto laws.  Specifically, appellee claims that the time limitations
in Article 6701l-1 on a conviction=s availability for
enhancement constituted an explicit statutory restriction on their future use
to enhance future intoxication crimes.  Thus, according to appellee, the 2005
statute=s removal of that
time limitation results in an unconstitutional attempt to use an ex post
facto law as, in appellant=s view, it increases the punishment for
those prior criminal acts beyond what the law permitted at the time of their
commission.  In support of his argument, appellee cites Scott v. State,
an opinion from the Texas Court of Criminal Appeals.[1] 
Scott, 55 S.W.3d at 597B98.








In Scott, the defendant received deferred
adjudication for a charge of indecency with a child.  At that time, the deferred
adjudication statute provided in part: A>A dismissal and
discharge under this section may not be deemed a conviction for the purposes of
disqualifications or disabilities imposed by law for conviction of an offense .
. . .=@  Id. at
595 (quoting Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(c) as it was in effect in 1991).   The defendant
was later charged with aggravated sexual assault and, by that time, the
deferred adjudication statute had been amended to allow deferred adjudication
for certain sexual offenses, including indecency with a child, to be used as a
conviction for the purpose of enhancing a later sexual offense.  Id. at
595B96.  Initially,
the Texas Court of Criminal Appeals stated that A[t]he resolution
of criminal charges will always carry the possibility of collateral
consequences, and as long as those consequences are not statutorily restricted,
disabilities and disqualifications which the defendant might not have
anticipated may proceed from the prior cause.@  Id. at
597.  It then went on to hold that the change in the deferred adjudication
statute constituted an ex post facto law as the prior deferred
adjudication statute contained an express and complete restriction on the
collateral consequences of the offense and therefore, when that restriction was
removed, defendant=s punishment for his prior offense was
increased.  Id. at 597B98.  That is not the situation we are
presented with here as (1) appellee did not receive deferred adjudication for
his prior convictions; and (2) Article 6701l-1 never contained an
express and complete restriction on collateral consequences like that found in the
deferred adjudication statute in Scott.

The latter distinction was recognized in Romo v. State,
a recent unpublished opinion from the San Antonio Court of Appeals.  Romo v.
State, 04-05-00602-CR, 2006 WL 3496933 (Tex. App.CSan Antonio
December 6, 2006, no pet.) (mem. op., not designated for publication).  In Romo,
the San Antonio Court of Appeals initially noted the Court of Criminal Appeals= holding in Scott
discussed above.  It then went on to address Romo=s argument that
the version of the DWI enhancement statute at issue in his case was analogous
to the deferred adjudication statute discussed in Scott:

Unlike Scott, where the deferred adjudication statute expressly
limited the future use of Scott=s Adismissal and discharge under this
section,@ former article 6701l-1
merely placed restrictions on what prior convictions could be used to enhance
an offense at that time.  It did not place any restrictions on the collateral
effects or future use of a conviction obtained under the statute.  Accordingly,
the 2001 amendment to the DWI enhancement statute did not increase Romo=s punishment for his prior
convictions and is not an ex post facto law.

 

Id.
at
*2.

We find the San Antonio Court of Appeals= reasoning
persuasive.  We hold that the ten year time limitation on the use of prior DWI
convictions found in article 6701l-1 was not an explicit guarantee that
those convictions could not be used in the future, but only a restriction on
what prior convictions could be used to enhance an offense at that time. 
Therefore, the 2005 changes to the DWI enhancement statute, by removing all
time limitations on the use of prior DWI convictions to enhance current DWI
charges, did not increase appellee=s punishment for
his prior convictions and is therefore not an ex post facto law.








Because the 2005 version of the DWI enhancement statute is
not an ex post facto law as applied  to appellee, we hold that the trial
court, by finding the statute to be an ex post facto law as applied to
appellee, acted without reference to any guiding rules or principles and thus
abused its discretion.  Accordingly, we sustain the State=s issue on appeal.

Conclusion

          As
we have sustained the State=s issue on appeal, we reverse the trial
court=s judgment, and
remand this matter to the trial court for proceedings in accordance with this
opinion.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed April 24, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellee also cites Nolan v. State, 102
S.W.3d 231 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d), in support of his position.  Nolan is
factually similar to Scott and cited Scott when it found the law
at issue there constituted an ex post facto violation.  Thus, for the
same reasons we distinguish Scott, we find Nolan does not support
appellee=s argument.