COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WERNER CAMPBELL, | § | |
| | | No. 08-10-00298-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | |
| | | of Travis County, Texas |
| Appellee. | § | |
| | | (TC# C1CR-09-206497) |
| | § | |

## O P I N I O N

A jury convicted Appellant, Werner Campbell, of driving while intoxicated and assessed punishment at 72 hours in jail. In two issues on appeal, Appellant faults the trial court for not immediately sentencing him after the jury's verdict was received and for failing to apply his time credits to his sentence. Finding both issues inadequately briefed, we overrule the same and affirm the trial court's judgment.

## BACKGROUND

On May 20, 2010, the jury found Appellant guilty of the offense and assessed sentence that same day. Appellant was not sentenced at that time but rather a formal sentencing hearing was scheduled for June 18, 2010. Appellant, however, did not appear at that hearing, and consequently, his bond was forfeited. Finally, on August 6, 2010, Appellant appeared and the trial court formally sentenced him in accordance with the jury's verdict.

## DISCUSSION

Appellant brings two issues for our review. The first contends that the trial court erred by not proceeding immediately to sentencing after receiving the jury's verdict. And the second

contends that the trial court erred in taking away the jail time credit guaranteed to all defendants by article 42.03 of the Texas Code of Criminal Procedure. We, however, do not address the merits of either issue, finding both to be inadequately briefed.

The Rules of Appellate Procedure require the parties' briefs to contain clear and concise arguments with appropriate citations to authorities. *See* TEX. R. APP. P. 38.1(i). When a party provides no argument or legal authority to support his appellate position, the issue is inadequately briefed. *See Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), *cert. denied*, 548 U.S. 926, 126 S.Ct. 2982, 165 L.Ed.2d 989 (2006).

Here, Appellant's entire argument for both issues are the same, consisting of the following three conclusory sentences:

> Article 37.12 Tex. Code of Criminal Procedure requires that "the proper judgment shall be entered immediately." In this case the trial court reset the case twice and pronounce sentence at the third setting after the jury verdict was received. Appellant was effectively compelled to confinement in a court of law for no apparent purpose.

This is insufficient to maintain the point at issue.

Indeed, Appellant provides no definition of the term "immediately," as used in the statute, nor does he cite to any cases holding when sentencing must take place upon receiving a jury's verdict. Moreover, Appellant fails to explain when he believes sentencing should have taken place, how he was harmed by the trial court's failure to sentence him immediately, or what relief he believes the error warrants. Similarly, Appellant does not point to any place in the record where he previously served time in jail, nor does he make any argument as to why he should be granted back time credit simply for appearing in court for sentencing hearings. In short, Appellant engages in no legal discussion or analysis but rather appears to hope that we will make his arguments for him. We decline to do so. *See Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) (stating that

appellate courts need not make arguments for appellant's inadequate briefing).  Accordingly, we hold that both of Appellant's issues are inadequately briefed and overrule the same.  *See id*. (finding issue inadequately briefed when appellant made no argument and cited no authority to support his position); *Wood v. State*, 18 S.W.3d 642, 650-51 (Tex. Crim. App. 2000) (finding issue waived when appellant failed to adequately develop his argument); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (refusing to address issue that did not provide specific legal authority and a legal argument based on that authority although issue provided a global cite to the Sixth Amendment); *Nolan v. State*, 102 S.W.3d 231, 235-36 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd) (finding issue inadequately briefed when appellant failed to present any argument or citation to authority); *Wells v. State*, No. 08-09-00110-CR, 2010 WL 3009306, at *3 (Tex. App. – El Paso July 30, 2010, pet. ref'd) (op., not designated for publication) (finding issue inadequately briefed when appellant failed to provide analysis, discussion, or argument in support of the cited case, explaining how it applied to the facts at hand).

Additionally, we note that although the trial court certified Appellant's right to appeal in this case, the certification does not contain Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 25.2(d).  Consequently, the certification is defective.  *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).  To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a *pro se* petition for discretionary review, and to inform Appellant of the applicable deadlines.  *See* TEX. R. APP. P. 48.4, 68.  Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX. R. APP. P. 48.4.

## CONCLUSION

With these comments, we affirm the trial court's judgment.


                                    GUADALUPE RIVERA, Justice

July 27, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)