

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00056-CR

DONALD EUGENE BELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1270275D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Donald Eugene Bell of aggravated sexual assault of a child under fourteen years of age and assessed his punishment at sixty-six months' confinement. The trial court sentenced him accordingly. In three issues, Appellant contends that during the punishment phase of the trial, the prosecutor asked him a question on cross-examination that constituted a

---

[1]See Tex. R. App. P. 47.4.

comment on his right not to testify, that the trial court should have granted his motion for mistrial after another allegedly improper comment by the prosecutor, and that the trial court erred by denying his request for a Fifth Amendment instruction in the punishment jury charge. Because we hold that the trial court did not err by omitting the instruction from the jury charge and that Appellant did not preserve his first issue or adequately brief his third issue, we affirm the trial court's judgment.

**Denial of Mistrial Inadequately Briefed**

In his third issue, Appellant argues that the trial court abused its discretion by failing to grant a mistrial. The State said to Appellant in cross-examination at the punishment phase of the trial, "Okay. We all know that the stuff you've said about [Complainant] is not true." Appellant timely objected, and the trial court sustained the objection and instructed the jury to disregard. The trial court denied Appellant's motion for mistrial. But Appellant cites no authority in support of his contention that the trial court abused its discretion by denying the motion for mistrial after instructing the jury to disregard the prosecutor's statement. As the State argues, by failing to cite to any authority, Appellant brings us nothing to review.[2] We overrule his third issue.

---

[2]*See* Tex. R. App. P. 38.1(i) (requiring brief to contain "appropriate citations to authorities"); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 2712 (2012); *Nolan v. State*, 102 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding conclusory statements citing no authority present nothing for appellate review).

**No Objection to Prosecutor's Comment on Appellant's Failure to Testify**

After the jury found him guilty, Appellant testified at the punishment phase. He stated that the jury found him guilty "without knowing" him and "without ever really talking to [him] because [he] didn't . . . say a word." On cross-examination, the following occurred:

> Q. And you're going to tell this jury again that [Complainant] told you all of those things about herself, that you kept a secret, that's not a lie that you concocted for the detective?
>
> A. I don't concoct lies, ma'am. I tell you just what you asked me and I tell you the truth. I don't have to concoct anything.
>
> Q. ***Which is the reason why you didn't testify earlier, right?***
>
> A. The reason why I didn't testify earlier is because I didn't think that I would have to.
>
> Q. Because the truth would come out?
>
> A. The truth would come out. That's what I thought. But it didn't. So that's why I'm up here speaking now. [Emphasis added.]

Appellant did not object but now complains in his first issue of the emphasized question posed by the prosecutor. To preserve error for appellate review, a party must make a timely and specific objection or timely file a motion in the trial court and receive an adverse ruling.[3] Here, Appellant made no objection. Consequently, Appellant did not preserve this issue for appellate review. We overrule his first issue.

---

[3]*See* Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

**Proper Denial of Jury Charge Instruction**

In his second issue, Appellant argues that the trial court reversibly erred by denying his requested instruction on the failure to testify at the punishment phase of the trial. But Appellant had asked that the requested instruction refer to his decision not to testify at guilt. He testified at the punishment phase. When a defendant testifies, he is not entitled to an instruction on failure to testify.[4] When a defendant has no right to a particular instruction, the trial court does not err in refusing to give the instruction. The trial court therefore did not err by refusing to give the requested instruction, and, consequently, no harm analysis is required.[5] We overrule Appellant's second issue.

**Conclusion**

Having overruled Appellant's three issues, we affirm the trial court's judgment.

---

[4]*Smith v. State*, 65 S.W.3d 332, 341 (Tex. App.—Waco, 2001, no pet.).

[5]*See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 16, 2015