Ellsworth Swaindell STORR,
Appellant,

v.

The STATE of Texas, Appellee.

No. 14–02–01018–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 22, 2004.

---

Larry Urquhart, Brenham, for appellant.

Debra S. Mergel, Hempstead, for appellee.

Panel consists of Justices LESLIE BROCK YATES, HUDSON, and KEM THOMPSON FROST.

## MAJORITY OPINION

LESLIE BROCK YATES, Justice.

Appellant Ellsworth Swaindell Storr challenges his sentence for aggravated kidnapping, arguing he received ineffective assistance of counsel at the punishment phase of trial. Appellant asks this court to reverse the trial court's judgment as to punishment and to remand this case to the trial court for another punishment proceeding. Because appellant received ineffective assistance of counsel at the punishment phase, we reverse and remand for a new punishment hearing. We also grant appellant's request that the trial court's judgment, which incorrectly states the appellant's plea to the indictment was "guilty," be reformed to correctly state the appellant's plea to the indictment was "not guilty."

### Relevant Factual Background

Appellant and a companion kidnapped and robbed the complainant, a college student. The complainant left his car running and entered a post office on the edge of the university campus. Once he was inside the post office, a masked man held a gun to the complainant's head, demanded his wallet, and then ordered him to return to the complainant's car. After the complainant followed the order and returned to his car, he found another masked man in the driver's seat. After forcing him into the car, the robbers drove the complainant to a dark, isolated area, and threatened to kill him.

When another vehicle approached, appellant and his companion forced the complainant into the trunk of the car. While driving with the complainant in the trunk, a police officer stopped the car for a traffic violation. The complainant did not alert the police officer to his presence because the robbers told him through the back seat of the car that they would shoot him if he made any noise during the traffic stop. Thus, the complainant remained silent, and shortly thereafter, the car began moving again. The robbers stopped the car in another isolated area and released the complainant from the trunk of the car. At that point, the two robbers had removed their masks. They ordered the complainant to get into the driver's seat and to drive back to the post office where they had abducted him. The robbers got out of the complainant's car at the post office and walked away from the vehicle. Although the robbers had ordered the complainant to remove his shoes earlier in the evening, they left his shoes in the vehicle and took $20 from the complainant's wallet, leaving the wallet in the vehicle.

The complainant then drove to his dormitory. The complainant told his roommate what had happened to him, but his

roommate responded he was going to sleep. The complainant did not call anyone to report what had happened because he saw, through his window, the two robbers outside of his dormitory, sitting on a bench near a basketball court. The next day, the complainant notified his mother and the police of the events of the night before.

At trial, the complainant identified appellant as the robber who demanded his wallet inside the post office. A jury found appellant guilty of aggravated kidnapping, and assessed punishment at 35 years' confinement and imposed a $10,000 fine.

## Issue Presented

In his sole issue, appellant argues his trial counsel rendered ineffective assistance at the punishment phase of trial because he did not obtain a jury instruction on voluntary release in a safe place under section 20.04(d) of the Texas Penal Code. *See* TEX. PEN.CODE ANN. § 20.04(d) (Vernon Supp.2000).

## Analysis

▮ Section 20.04 of the Texas Penal Code defines the elements of the offense of aggravated kidnapping and specifies that an offense under section 20.04 is a felony of the first degree. Section 20.04 further provides, however, that if, at the punishment stage, a defendant raises the issue of voluntary release of the victim and proves it by a preponderance of the evidence, the offense is a felony of the second degree. In its entirety, section 20.04(d) of the Texas Penal Code states:

> (d) At the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

TEX. PEN.CODE ANN. § 20.04(d).[1] This provision allows a defendant who has been convicted of aggravated kidnapping to mitigate punishment, if he can prove by a preponderance of the evidence that he voluntarily released the victim in a safe place. *See Posey v. State,* 966 S.W.2d 57, 62–63 (Tex.Crim.App.1998). The determination of "safe place" includes consideration of factors such as (1) remoteness of the location, (2) proximity of authorities or persons who could aid or assist, (3) the time of day, (4) climatic conditions, (5) condition of the victim, (6) character of the location or surrounding neighborhood, and (7) the victim's familiarity with the location or surrounding neighborhood. *Lavarry v. State,* 936 S.W.2d 690, 696 (Tex.App.-Dallas 1996, pet. dism'd). The Court of Criminal Appeals recently adopted a narrow interpretation of the term "voluntary"—as used in section 20.04(d)—"such as the absence of 'rescue by the police [or others] or escape by the [kidnap] victim.'" *Brown v. State,* 98 S.W.3d 180, 188 (Tex.Crim.App.2003)

---

1. Subsection (d) was formerly subsection (c) of section 20.04 of the Texas Penal Code, which became effective on September 1, 1994. Prior to September 1, 1994, subsection (b) of section 20.04 read as follows: "An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree." Under that provision, the State bore the burden of proving that any release was not voluntary or that it was not in a safe place. Effective September 1, 1994, the defendant bears the burden of proof on the issue. *See Teer v. State,* 895 S.W.2d 845, 848 n. 1 (Tex.App.-Waco 1995), *pet. dism'd per curiam,* 923 S.W.2d 11 (1996). Prior to the amendment, a trial court's failure to instruct the jury on the defensive issue was error even if the defendant did not object to the absence of the instruction in the charge. *See Williams v. State,* 851 S.W.2d 282, 287 (Tex.Crim.App. 1993).

(quoting Comments to Model Penal Code, § 212.1, at 223–34).

A first degree felony is punishable by life imprisonment or a term of imprisonment of 5 to 99 years. *See* TEX. PEN.CODE ANN. § 12.32(a) (Vernon Supp.2000). A second degree felony is punishable by a term of imprisonment of 2 to 20 years. *See id.* § 12.33(a). An individual convicted of a first or second degree felony may also be punished by a fine not to exceed $10,000, in addition to imprisonment. *See id.* §§ 12.32(b), 12.33(b). Notwithstanding the punishment ranges applicable to first and second degree felonies, if a jury assesses punishment at a term of imprisonment not exceeding 10 years, and the defendant has not previously been convicted of a felony in Texas or any other state, the jury may recommend that the defendant be placed on community supervision instead of serving the prison sentence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 4(a)-(e) (Vernon Supp.2003). If the jury recommends community supervision under this provision, the trial court must sentence the defendant accordingly. *See id.* In this case, because of the absence of an affirmative finding of safe release, appellant was convicted of a first degree felony, which is punishable by life imprisonment or a term of imprisonment of 5 to 99 years. Appellant was sentenced to 35 years' imprisonment, 15 years more than the maximum imprisonment range for a second degree felony.

■ Appellant maintains his trial counsel rendered ineffective assistance at the punishment phase of trial because counsel did not obtain a jury instruction on mitigation of punishment under section 20.04(d) of the Penal Code. Both the United States and Texas Constitutions guarantee an ac-cused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales,* 945 S.W.2d 830, 835 (Tex.Crim.App.1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) the result of the proceeding would have been different but for trial counsel's deficient performance.[2] *Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim. App.1998).

A single error of omission can constitute ineffective assistance of counsel. *See Howard v. State,* 972 S.W.2d 121, 129 (Tex. App.-Austin 1998, no pet.). In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Ordinarily, appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did. *See id.*

The Court of Criminal Appeals has often repeated the refrain that, in the absence of a record explaining why trial counsel took or failed to take certain ac-

---

**2.** Both prongs of the *Strickland* standard apply to claims that counsel was ineffective at the punishment phase of a noncapital trial.

*See Hernandez v. State,* 988 S.W.2d 770, 771 (Tex.Crim.App.1999).

tions, reviewing courts most likely cannot conclude that an appellant has established his or her trial counsel's performance fell below an objective standard of reasonableness. *See, e.g., Rylander v. State,* 101 S.W.3d 107, 111 (Tex.Crim.App.2003); *see also Bone v. State,* 77 S.W.3d 828, 830 (Tex.Crim.App.2003) ("We are once again asked whether an appellate court may reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions *may have been based on tactical decisions,* but the record contains no specific explanation for counsel's decisions. Once again we answer that question 'no'.") (emphasis added); *Mallett v. State,* 65 S.W.3d 59, 63–64 (Tex.Crim.App. 2001) ("When the record is silent on the motivations underlying counsel's tactical decisions, the appellant *usually* cannot overcome the strong presumption that counsel's conduct was reasonable.") (emphasis added). There is a well-founded concern underlying that rule—most often, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's action. *See Rylander,* 101 S.W.3d at 111. Nor should appellate courts second guess trial counsel's strategy in hindsight. *See, e.g., Miniel v. State,* 831 S.W.2d 310, 323 (Tex. Crim.App.1992) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Nonetheless, the Court of Criminal Appeals has conceded that some errors are so egregious or outrageous, they cannot be the product of any reasonable trial strategy. This is evidenced by the court's careful use of qualifying language in many of its recent opinions. *See, e.g., Bone,* 77

S.W.3d at 833 ("Under *normal* circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption.... *[R]arely* will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation ....") (emphasis added); *Mallett,* 65 S.W.3d at 63 ("When the record is silent ... the appellant *usually* cannot overcome the strong presumption that counsel's conduct was reasonable.... Again, when the record is silent as to why counsel failed to object, it is *difficult* for a defendant to overcome the first prong of *Strickland.*") (emphasis added); *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001) ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court 'commonly will assume a strategic motivation if any can possibly be imagined,' and will not conclude the challenged conduct constituted deficient performance *unless the conduct was so outrageous that no competent attorney would have engaged in it.*") (citations omitted) (emphasis added); *Robinson v. State,* 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App.2000) ("[I]n the rare case where the record on direct appeal is sufficient to prove that counsel's performance was deficient, an appellate court should obviously address the claim in the first instance."); *Thompson v. State,* 9 S.W.3d 808, 814 n. 6 (Tex.Crim. App.1999) ("This opinion should not be read as a declaration that no claim of ineffective assistance of counsel can be brought on direct appeal. However, in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland.*").[3] The recognition

---

**3.** *See also Velasquez v. State,* No. 14–01– 00391–CR, 2002 WL 31740529, at *3 (Tex.

of some exceptional cases is consistent with Supreme Court authority. *See generally Massaro v. United States,* 538 U.S. 500, ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003) ("There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte.*").

It is noteworthy that several courts of appeals have addressed claims of ineffective assistance of counsel based on trial counsel's failure to obtain a jury instruction on mitigation of punishment for voluntary release in a safe place. In all but one of those cases, the courts concluded that there was no evidence of safe release, and for that reason, the courts were able to summarily conclude the appellants could not prove counsel was deficient under the first prong of *Strickland. See Turner v. State,* No. 02–02–285–CR, 2003 WL 22253843, at *3 (Tex.App.-Fort Worth Oct. 2, 2003, no. pet.) (not designated for publication) (concluding trial counsel's failure to request safe release instruction was not error when victim was shoved from moving car); *Perl v. State,* No. 08–02–00047–CR, 2003 WL 2006822, at *4 (Tex.App.-El Paso May 1, 2003, pet. ref'd) (not designated for publication) (concluding trial counsel was not deficient in seeking instruction on safe release because the record did not indicate whether release of victim to police surrounding appellant's house was voluntary); *Hernandez v. State,* 28 S.W.3d 660, 668 (Tex.App.-Corpus Christi 2000, pet. ref'd) (finding that safe release instruction was

not warranted because victims were not released in safe place; four victims were left in deserted field, of whom one was left naked and bleeding, one was left bleeding, and one was chased by appellant with machete, and fifth victim was left alone late at night in a parking lot hemorrhaging from injuries inflicted by appellant); *Oestrick v. State,* 939 S.W.2d 232, 239 (Tex.App.-Austin 1997, pet. ref'd) (finding that appellant's release of victim after being confronted by police was not voluntary, and thus, his trial counsel's failure to request instruction on voluntary release was not ineffective assistance). Only the First Court of Appeals has refused to address the merits of such a claim because there was no explanation for trial counsel's omission in the record below. *See Nail v. State,* No. 01–98–00509–CR, 1999 WL 1063434, at *2 (Tex.App.-Houston [1st Dist.] Nov. 24, 1999, pet. ref'd) (not designated for publication) (overruling point of error that trial counsel was ineffective by failing to request jury instruction on safe release when appellant did not file motion for new trial, and record was silent as to counsel's reasons for his actions). Furthermore, the Court of Criminal Appeals has held, as the basis for habeas corpus relief, that counsel's failure to advance the affirmative defense of voluntary release of a victim in a safe place at a defendant's punishment hearing was ineffective assistance of counsel. *See Ex parte Ballard,* No. 74823, 2003 WL 22508414, at *1 (Tex. Crim.App. Nov.5, 2003).

This case is unique because the evidence conclusively establishes that appellant voluntarily released the complainant in a safe place. The complainant was left in his car at the post office near the university—the

App.-Houston [14th Dist.] April 25, 2002, no. pet.) (not designated for publication) ("Nevertheless, an exception to *Strickland's* presumption of strategy exists when the record clearly

confirms no reasonable trial counsel would have engaged in the complained of conduct or omission.") (citations omitted).

exact location where he, in fact, had been abducted. Appellant and his companion were not coerced by police or others into releasing the complainant, and there was no potential for the complainant to be caught in a police crossfire. The complainant was not left in an unsafe area or forced out of a moving vehicle. Nor was the complainant injured or left in a situation where he could easily be injured and unable to get assistance. He, in fact, left the post office, drove to his dormitory, went to his room, told his roommate what happened, and waited until the next day to report the matter to the police and notify his family. *See Harrell v. State*, 65 S.W.3d 768, 772–73 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (listing factors relevant to "safe release" determination). The fact that the complainant believed he was unsafe in his dorm room is not the overriding factor. *See Lavarry*, 936 S.W.2d at 697 ("[T]he victim's feelings of safety may be a factor in determining the safety of a place, but in no case has it converted an otherwise safe place (like a victim's home or operable car) into an unsafe place.").

Yet, appellant's trial counsel both failed to obtain a jury instruction on mitigation of punishment for voluntary release in a safe place and to object to the trial court's charge for failure to include such an instruction. Under the first prong of *Strickland*, trial counsel's performance must meet an "objective standard of reasonableness." 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A finding by the jury that appellant safely released complainant would have resulted in a conviction of a second degree felony. Because of the significant difference in punishment, it is inconceivable that appellant's counsel would have had some trial strategy for not requesting an instruction on safe release.

This case is a rare instance when there is no trial strategy that can explain the failure of appellant's trial counsel to request a safe release instruction. Despite the court's instruction in *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App.2001), we cannot possibly imagine a strategic motivation for the failure of appellant's counsel to secure a jury instruction on mitigation for voluntary release of the complainant in a safe place. In any event, this court should not have to stretch to find a plausible trial strategy in a case such as this. As Justice Meyers said in his dissenting opinion in *Rylander v. State*,

> Under *Strickland*, a defendant must prove that there is no plausible professional reason for a specific act or omission. If there is no viable reason for counsel's trial conduct then why should we allow the opportunity to explain? The first prong of *Strickland* requires the defendant to demonstrate that trial counsel's performance fell below an objective standard of reasonableness. However, if the counsel's errors were so obviously unprofessional then there should be no need for an explanation of his subjective intent. . . . [W]hen the error is blatant and there is no possible trial strategy that could explain counsel's conduct then we don't need to know his subjective intent and there is no need for information outside the record.

101 S.W.3d at 111 (Meyers, J., dissenting).

In the absence of a safe release finding, which was mandated by the evidence, appellant was clearly prejudiced because of the significant length of his punishment–15 years more than the maximum imprisonment range for a second degree felony. This case is somewhat analogous to *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim.App.1992), in which the Court of Criminal Appeals concluded "without hesitation" that the failure to seek an instruction on necessity was not "acceptable trial

strategy...." *Id.* at 950 n. 3. In *Vasquez*, the appellant was convicted of the offense of possession of a firearm by a felon. *Id.* at 949. Appellant admitted to the offense, but his testimony reflected that the justification defense of necessity was appropriate, and necessity, in fact, was the only defense raised by the evidence. *Id.* at 950–51. Yet, his trial counsel did not request a special instruction on necessity or object to the court's charge. In light of these facts, the court concluded the appellant's trial counsel was "clearly deficient." *Id.*

> A defense may be recognized by two ways: by the legislature, or by the courts. Since the necessity defense is specifically recognized by the legislature in the Penal Code, we find that counsel's performance did not satisfy the 'objective standard of reasonableness under prevailing professional norms.' Although the trial court's rulings barred the presentation of other evidence to corroborate appellant's version of the facts, appellant's testimony sufficiently raised the necessity defense.
>
> We distinguish affirmatively "urging" a defense from simply recognizing that a defense has been raised by the evidence. Counsel should have recognized that appellant's testimony was sufficient to raise the defense, and that appellant had nothing to lose by requesting a defensive instruction. Without giving the jury an opportunity to consider a defense, conviction was ... "a foregone conclusion...."

*Id.* (citation omitted); *see also Young v. State*, 991 S.W.2d 835, 839 (Tex.Crim.App. 1999) (explaining that counsel in *Vasquez* was ineffective in not seeking necessity instruction because it was the only defense available to the defendant and the only defense presented at trial; "it is not reasonable to fail to request an instruction on the only defense presented at trial").

In this case, appellant did not confess to the charged offense; his counsel attempted to show misidentification. Nonetheless, the only mitigating defense raised by the evidence was voluntary release of the complainant in a safe place. In fact, based on the record below, this court would have determined there was conclusive evidence that the complainant was voluntarily released in a safe place. *See, e.g., Patterson v. State*, 121 S.W.3d 22, 25 (Tex.App.-Houston [1st Dist.], 2003, no pet.) (holding, in light of Court of Criminal Appeals' opinion in *Patterson v. State*, 99 S.W.3d 625 (Tex.Crim.App.2003), that appellant voluntarily released children in a safe place as a matter of law; he released children to mother in her car and made her promise not to call the police). Although the Court of Criminal Appeals has recently construed its holding in *Vasquez* somewhat narrowly, *see Young*, 991 S.W.2d at 839, and this case involves trial counsel's failure to seek an instruction that would have mitigated punishment, as opposed to trial counsel's failure to assert the justification defense of necessity, we find the reasoning of *Vasquez* is applicable here. Thus, we find the failure to secure a safe release instruction under the facts of this case was not an acceptable trial strategy. Accordingly, appellant has satisfied both prongs of *Strickland*.

■ We therefore sustain appellant's sole issue, reverse his sentence, and remand this matter to the trial court for a new punishment hearing. We also grant appellant's request that the trial court's judgment ("Judgment Of Conviction by Jury; Sentence By Jury To Institutional Division, TDCJ") be reformed to correctly reflect that he pleaded "not guilty" to the indictment, instead of "guilty," as is currently reflected in the judgment. When a

court of appeals has the necessary data and evidence before it for reformation, an erroneous judgment may be reformed on appeal. *See Nicholas v. State,* 56 S.W.3d 760, 767 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (citations omitted). Accordingly, we modify the trial court's judgment to read that the appellant entered a plea of "not guilty." [4]

KEM THOMPSON FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

The majority correctly notes that, in some instances, trial counsel's error may be so egregious that the appellant need not produce evidence regarding trial strategy because no strategic motivation could be imagined. Trial counsel's actions in this case—the failure to request or object to the absence of a special issue on voluntary release in a safe place—raises serious questions, and the majority's analysis concluding there could be no strategic motivation for this failure is compelling. However, this court should affirm based on the

direction given by the Court of Criminal Appeals for deciding direct appeals of ineffectiveness claims in the face of a silent record, most recently set forth in *Freeman v. State. See* 125 S.W.3d 505 (Tex.Crim. App.2003). Because the court fails to do so, I respectfully dissent.

As the majority and appellant acknowledge, the record in this case contains no evidence of trial counsel's strategy. Nonetheless, appellant urges that trial counsel's failure to obtain a jury instruction on mitigation of punishment based on voluntary release in a safe place could not conceivably have been an exercise of reasonable trial strategy. *See* TEX. PEN.CODE § 20.04(d) (Vernon Supp.2002). Therefore, appellant argues, and the majority agrees, the first prong of the *Strickland* test [1] is satisfied without any evidence of trial strategy in the record.

Though the majority explains its rationale for finding trial counsel's actions in this case to be one of the rare instances in which no possible strategic motivation can be imagined, it fails to address *Freeman.*[2] *See* 125 S.W.3d 505 (Tex.Crim.App. Nov. 5,

---

4. In its appellate brief, the State did not respond or otherwise object to appellant's request for the trial court's judgment to be reformed.

1. *See Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984).

2. The majority also states that this case is unique because the evidence conclusively establishes that appellant voluntarily released the complainant in a safe place. The majority's assessment is flawed. The record does not establish as a matter of law that appellant released the complainant in a safe place. *See Nolan v. State,* 102 S.W.3d 231, 238 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd). The complainant stated he was released in his car, near a post office station on the campus of Prairie View A & M University. The complainant also testified he was released at approximately 11:00 p.m. during the winter break, at a time when there was nobody on

campus except for some members of the school's marching band. The record is silent concerning the following factors: (1) the proximity of authorities or persons who could aid or assist, (2) the climactic conditions, and (3) the character of the location or surrounding neighborhood. *See id.* The record does not show whether the surrounding area was generally safe or crime-ridden. While the record contains evidence that would raise a fact issue on the safe-release defense, it does not prove safe release as a matter of law. *See id.* (holding appellant did not prove safe release as a matter of law because the evidence did not address several critical factors regarding this issue). To the extent the majority relies on *Lavarry v. State* as authority in support of its conclusion that the record proves safe release as a matter of law, that case is not on point because it held, under the former version of section 20.04 of the Penal Code, the State did not prove beyond a reasonable doubt that appellant released the victims in

2003). In this recently issued case, the trial judge, who was a possible witness to the charged offense, made statements during pretrial hearings indicating he thought the appellant was guilty and was a bad actor. *See Freeman*, 125 S.W.3d at 507–09, (Price, J., dissenting). The appellate record in *Freeman* reflected the presence of Freeman's trial counsel at hearings that provided compelling reasons why the trial judge's impartiality might reasonably be questioned. *See id.* The record also reflected that Freeman's trial counsel did not move to recuse the trial judge. *See* Tex.R. Civ. P. 18b (2). The court of appeals held that, although there was no evidence in the record regarding trial strategy, none was needed because, under the unusual circumstances of that case, there was no objectively reasonable trial strategy for trial counsel's failure to file a motion to recuse. *See Freeman*, 125 S.W.3d at 509. The State did not contest that Freeman had satisfied the second prong of *Strickland. See Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984); *Freeman*, 125 S.W.3d at 509. Further, in its briefing in the Court of Criminal Appeals, the State asserted several potential trial strategies that it claimed might have motivated Freeman's trial counsel not to move to recuse the trial judge. *See Freeman*,125 S.W.3d at 207, (Meyers, J., dissenting) & at 516 (Price, J., dissenting). Nonetheless, the Court of Criminal Appeals did not address whether there was a conceivable trial strategy for counsel's failure to seek recusal; rather, our high court summarily reversed the court of appeals, holding that trial counsel's alleged ineffectiveness was not so apparent from the record as to allow a finding of ineffectiveness without evidence regarding counsel's

trial strategy. *See Freeman*, 125 S.W.3d at 506.

By its very recent opinion in *Freeman*, the Court of Criminal Appeals has forcefully reiterated that only in extremely rare cases will the record support ineffective assistance of counsel on direct appeal without evidence of trial strategy. In *Freeman*, our high court also indicated that the dictum from *Massaro* cited by the majority does not change the ineffective-assistance analysis. *See id.* (discussing effect of dictum in *Massaro v. United States*, 538 U.S. 500, ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003)). Though the facts of the instant case are not the same as those in *Freeman*, the alleged ineffectiveness of counsel in this case is no more apparent from the record than was the alleged ineffectiveness in *Freeman*. This court could speculate as to the strategy, if any, of trial counsel in not seeking a safe-release instruction. For example, the court could surmise that this action was based on a trial strategy of not wanting to jeopardize the defense's credibility by arguably contradicting the guilt-innocence argument, which indicated appellant was not involved in the kidnapping. However, based on recent precedent, especially *Freeman*, this court should allow appellant to develop his ineffectiveness argument and adduce evidence of counsel's trial strategy, or lack thereof, by means of an application for writ of habeas corpus. *See Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex.Crim.App. 2001) (granting habeas relief and holding counsel ineffective for failing to object to omissions in the jury charge or request an instruction, although court previously had rejected this claim based on a silent record on direct appeal). This is the procedural course we have been instructed to follow. *See id.*

---

an unsafe place. *See Lavarry v. State,* 936 S.W.2d 690, 695–97 (Tex.App.-Dallas 1996, pet. dism'd). Under the current statute, the accused has the burden of proof on this issue. *See* Tex. Pen.Code § 20.04(d).

The court's disposition of this case is contrary to the *Rios* opinion and to unpublished cases from other courts of appeals. *See Rios v. State,* 990 S.W.2d 382, 386 (Tex.App.-Amarillo 1999, no pet.) (holding counsel's failure to seek mitigation instruction on sudden passion did not constitute ineffective assistance of counsel when record was silent as to counsel's strategy); *Hernandez v. State,* No. 05–02–00238–CR, 2003 WL 21212814, at *1 (Tex.App.-Dallas May 27, 2003, no pet.) (not designated for publication) (same); *Davis v. State,* No. 01–01–00990–CR, 2002 WL 1822159, at *3 *4 (Tex.App.-Houston [1st Dist.] Aug. 8, 2002, pet. ref'd) (not designated for publication) (finding no ineffectiveness of counsel based on silent record where appellant asserted counsel did nothing to obtain a lower sentence for appellant, who received a 50–year sentence for aggravated kidnapping, in case in which counsel did not seek or object to the absence of a special issue under section 20.04(d) of the Texas Penal Code); *Nail v. State,* No. 01–98–00509–CR, 1999 WL 1063434, at *2 (Tex.App.-Houston [1st Dist.] Nov. 24, 1999, pet. ref'd) (not designated for publication) (finding trial counsel was not ineffective for not requesting a special issue under section 20.04(d) of the Texas Penal Code because record was silent as to trial counsel's strategy).

The majority cites to *Ex parte Ballard,* a case in which the Court of Criminal Appeals granted habeas relief based on trial counsel's ineffective assistance in failing to argue the defendant had voluntarily released the complainant in a safe place. The majority's reference to *Ballard,* however, does not support today's holding in this direct appeal. *See Ex parte Ballard,* No. 74,823, 2003 WL 22508414, at *1 (Tex. Crim.App. Nov.5, 2003) (not designated for publication). The Court of Criminal Appeals has stated that an application for a writ of habeas corpus is the more appropriate vehicle to raise claims of ineffective

assistance of counsel; ordinarily, these claims should not be resolved on a direct appeal in which the record is silent as to trial strategy because trial counsel should be given an opportunity to explain their actions before being denounced as ineffective. *See Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003); *see also Ex parte Varelas,* 45 S.W.3d at 632 (granting habeas relief, although court had previously rejected ineffective-assistance claim on direct appeal based on silent record). If this court declined to address appellant's ineffective-assistance claim on direct appeal based on the lack of evidence of trial strategy, appellant could seek and might very well obtain habeas relief based on this claim. The availability of the habeas corpus procedure, which would give trial counsel an opportunity to explain his actions and any trial strategy, weighs against, not in favor of, an ineffective-assistance determination on direct appeal based on a record that is silent regarding trial strategy.

The majority also cites *Vasquez v. State.* Not only was *Vasquez* decided before the landmark case of *Jackson v. State,* but the facts of *Vasquez* differ in notable ways from the facts in this case. *See Jackson v. State,* 877 S.W.2d 768 (Tex.Crim.App. 1994); *Vasquez v. State,* 830 S.W.2d 948, 949–51 (Tex.Crim.App.1992). In *Vasquez,* appellant testified, admitted the elements of the charged offense, and asserted only one defensive theory—necessity. *See Vasquez,* 830 S.W.2d at 949–51. Vasquez's assertion of a single defensive theory in the guilt-innocence phase, if successful, would have resulted in a verdict of not guilty. *See id.* In this case, appellant did not testify and did not admit that he committed the offense; rather, appellant's trial counsel indicated appellant was not involved in the kidnapping and attacked the reliability of the complainant's identification of appellant as one of the kidnappers. Furthermore, the alleged ineffectiveness in

this case was counsel's failure to seek a special issue on a punishment-phase mitigation question that would limit punishment rather than result in a not-guilty verdict. The differences between *Vasquez* and this case are not insignificant. *See Vasquez*, 830 S.W.2d at 949–51; *Young v. State*, 991 S.W.2d 835, 839 (Tex.Crim.App. 1999) (distinguishing *Vasquez* as involving a defendant who admitted he committed the offense and as involving failure to request an instruction regarding defendant's only available defense). In light of these differences, this court should be guided by *Freeman* rather than by *Vasquez*. *Compare Freeman v. State*, 125 S.W.3d at 586 *with Vasquez*, 830 S.W.2d at 949–51.

Based on the most recent guidance provided by the Court of Criminal Appeals in *Freeman*, this court should not determine appellant's ineffective assistance of counsel claim on direct appeal. The court should affirm the trial court's judgment as reformed.[3]

---

**3.** The majority correctly grants appellant's unopposed request that the trial court's judg-

ment be reformed to reflect that appellant pleaded "not guilty" rather than "guilty."