Affirmed as Reformed and Memorandum Opinion filed September 30, 2004









Affirmed as Reformed and Memorandum Opinion filed
September 30, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00564-CR

____________

 

ELMER ISRAEL
BARRIOS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 40,826

 



 

M E M O R A N D U M   O P I N I O N

Appellant Elmer Israel Barrios was found
guilty of the offenses of felony driving while intoxicated and intoxication
assault, and the trial court sentenced him to ten years’ confinement for each
offense in the Texas Department of Criminal Justice.  In five points of error, appellant claims
that the evidence is legally and factually insufficient to sustain his
convictions and that the trial court erred in failing to enter a judgment of
acquittal with regard to a charge for which he was acquitted.  We reform the judgment and affirm as
modified. 

 








BACKGROUND

On December 3, 2000, appellant, a 27‑year‑old
Hispanic man, and Asiano Garcia, Jr., a 43‑year‑old Hispanic man,
were involved in a traffic accident while driving to Houston, Texas.  Appellant ran a stop sign at a highway
intersection and collided with a Honda Accord. 
The occupants of both vehicles suffered injuries because of the
collision.  

SUFFICIENCY OF THE EVIDENCE

Appellant contends the evidence is both
legally and factually insufficient to support his convictions.  In evaluating a legal‑sufficiency claim
attacking a jury's finding of guilt, we view the evidence in the light most
favorable to the verdict.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether we believe the evidence
at trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
318–19 (1979).  Rather, we determine only
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Cardenas
v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000).  In our review, we accord great deference “‘to
the responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.’”  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).  We presume that any
conflicting inferences from the evidence were resolved by the jury in favor of
the prosecution, and we defer to that resolution.  Id. 









In conducting a factual‑sufficiency
review of the jury’s determination, we do not view the evidence “in the light
most favorable to the prosecution.”  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we view the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, No. 539‑02, 2004 WL 840786, at *7, ___ S.W.3d ___, ___ (Tex.
Crim. App. Apr. 21, 2004).  We may find
the verdict is factually insufficient in two ways.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict, the contrary evidence may be strong enough that the
beyond‑a‑reasonable‑doubt standard could not have been
met.  Id.  We must discuss the evidence appellant claims
is most important in allegedly undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact‑finder.  Zuniga,
2004 WL 840786, at *4.  Our evaluation
should not intrude upon the fact‑finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony.  Cain, 958 S.W.2d at 407.

A. 
Driving While Intoxicated

In his first and second points of error,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction for driving while intoxicated.  Appellant claims that there is insufficient
evidence (1) that he was the driver of the truck involved in the accident and
(2) that he was intoxicated. 

To sustain a conviction for driving while
intoxicated, the State must prove beyond a reasonable doubt that appellant: (1)
operated a motor vehicle, (2) in a public place, (3) while intoxicated.  Tex.
Pen. Code Ann. § 49.04(a) (Vernon 1994). 
Intoxication means: (1) not having the normal use of mental or physical
faculties by reason of introduction of alcohol into the body or (2) having an
alcohol concentration of 0.08 or more.  Tex. Pen. Code Ann. § 49.01(2) (Vernon
Supp. 2003).  








Through testimony, appellant was
identified as the driver of the vehicle. 
Asiano Chano Garcia, Jr. testified that he was the passenger in
appellant’s truck at the time of the accident.  
He identified appellant as the driver of the truck.  John Rogers, a witness at the scene of the
accident, said the younger Hispanic male was the driver of the truck.  Rogers saw the driver of the truck kick out
the driver’s side window, climb out of the truck, and stand next to the vehicle
after the accident.  The older Hispanic male
remained in the passenger’s seat.  The
younger Hispanic male was taken to the hospital.  However, before being transported, medical
personnel removed an identification card from the man’s clothing and gave it to
an officer at the scene. The identification card was that of Elmer
Barrios.  Thus, there is evidence that
supports a finding that appellant was the operator of the truck involved in the
accident. 

We now turn to the jury’s finding that
appellant was intoxicated at the time of the accident.  The State presented evidence under both
methods of proving intoxication.  First,
Officer Darin Holland of the Alvin Police testified that, at the scene of the
accident, the younger Hispanic male was disoriented.  The man smelled of alcohol, and his eyes were
glassy and bloodshot.  Officer Holland
said, in his opinion, the man had lost the use of his mental and physical
faculties.  Moreover, Garcia, appellant’s
passenger, admitted that he and appellant had been drinking beer prior to the
accident.  In fact, several unopened beer
cans were inside the truck. 








Furthermore, the State introduced evidence
to show appellant’s blood plasma alcohol content was 0.330.  When converted, appellant’s whole blood
alcohol content level was 0.280, well over the legal limit of 0.08.  Appellant claims, however, this evidence does
not support his conviction because the records introduced at trial, to which he
made no objection, were not his but those of another patient named Elmer
Barraoe.  Appellant’s name is Elmer
Israel Barrios.  A hospital employee
testified that the hospital places a name on the patient’s file when the
patient is admitted.  If a patient can
give the hospital staff his name, then that name is the one put on the
file.  If the patient is unable to give a
name due to his condition, the hospital gives the patient a code name until his
name can be established.  A review of the
records for “Elmer Barraoe” shows that a code name was not used for this
patient, which means the patient gave the hospital staff a name upon
admission.  With no identification on him
(because it had been taken from him at the scene), the hospital’s only source
of information about the patient’s name came from the patient.  Further, although the name entered into the
computer system is “Elmar Barraoe,” notes made by different hospital personnel
who saw the patient show the man also identified himself as “Isreal
Barrios.”  Given the evidence, the jury
could have determined that the medical records were the appellant’s and that
the discrepancy of the name on the medical records was either due to a
misspelling by the hospital staff or the giving of an incorrect name by
appellant.

Viewing the evidence in the light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant was guilty of driving while
intoxicated.  Viewing the same evidence
in a neutral light, we conclude the jury was also rationally justified in
finding guilt beyond a reasonable doubt. 
The evidence is therefore legally and factually sufficient to support
the verdict.  We overrule appellant’s
first and second points of error.

B. 
Intoxication Assault

In this third and fourth points of error,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction for intoxication assault.  For the jury to find appellant guilty of
intoxication assault, the State must prove that (1) appellant operated a motor
vehicle while intoxicated, (2) in a public place, (3) causing serious bodily injury,
(4) by reason of that intoxication.  Tex. Pen. Code Ann. § 49.07 (Vernon
1999). 

Here, appellant relies on the same
arguments he did to challenge his conviction for driving while
intoxicated.  Again, he contends that
there is insufficient evidence to prove that he was the driver of the vehicle
and that he was intoxicated.  Having
already found these arguments do not undermine the jury’s verdict, we find the
evidence is legally and factually sufficient to support appellant’s conviction
for intoxication assault.  We overrule
appellant’s third and fourth points of error.

REFORMATION
OF JUDGMENT








In his fifth point
of error, appellant argues the judgment is inaccurate because it does not fully
reflect the jury’s verdict.  The State
does not dispute this point.  Appellant
was charged with three counts in the indictment.  The jury convicted appellant of the first two
counts but acquitted him of the third count. 
The trial court failed to address count three in the judgment.  When a court of appeals has the necessary
data and evidence before it for reformation, an erroneous judgment may be
reformed on appeal.  Storr v. State,
126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  Accordingly, we sustain appellant’s fifth point
of error and modify the trial court’s judgment to reflect that appellant was
acquitted of the third count in the indictment.

CONCLUSION

We reform the trial court’s judgment to
reflect that appellant was acquitted on count three of the indictment.  We affirm the remainder of the trial court’s
judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 30, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish — Tex. R. App. P.
47.2(b).