In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-582 CR


____________________



JOHN LELDON KELLY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-04-03006-CR






MEMORANDUM OPINION


 A jury convicted John Leldon Kelly of aggravated kidnapping and sexual assault of
a child. In each count, the jury assessed punishment at confinement for eleven years in the
Texas Department of Criminal Justice, Institutional Division and fined Kelly $2,500 in Count
I and $5,000 in Count II. From that verdict, Kelly appeals raising four points of error.

 Kelly and the victim were at the same location, her aunt's house, on New Year's Eve
of 2001. Around midnight, the victim and Kelly were outside near his truck. The victim was
cold and accepted Kelly's offer to sit inside his truck. She sat on the edge of the seat, on the
driver's side, with her feet out. Kelly then pushed her inside the truck, got in and took off,
driving fast. Kelly drove to a convenience store parking lot where he then had sex with the
fourteen-year old victim. Kelly drove back to the subdivision and dropped the victim off at
an intersection, on the road to her aunt's house. 

 Point of error one contends the evidence "is factually insufficient as a matter of law
to support the conviction for aggravated kidnapping and the conviction should be reversed
and appellant should be acquitted." The argument under this point cites authority for the
standard of review to be applied when assessing the factual sufficiency of the evidence. 
However, the claim the evidence is insufficient "as a matter of law" and prayer for an
acquittal suggests a determination of the legal sufficiency of the evidence. We consider
both. (1)

 The victim testified she was sitting on the driver's side of Kelly's truck, with her feet
out the door. She said Kelly pushed her into the truck, got in and drove off, "[r]eally fast." 
She testified Kelly had his hand on her legs while he was driving. Kelly testified the victim
was sitting on the edge of the truck bench, then moved over. Kelly said he got in, started the
truck and left. 

 Kelly argues the only evidence supporting the charge of kidnapping is the victim's
testimony he pushed her across the seat of his truck and held his hand over her leg while he
drove away real fast. Kelly claims the evidence indicates the victim went with him
voluntarily. The evidence shows the victim sat on the edge of the truck seat of her own
accord, not that she consented to being pushed inside the truck and driven away. Kelly
points to the fact that the victim never attempted to exit the vehicle. The law does not require
children to leap from moving vehicles to affect their escape. According to the victim, Kelly
had his hand on her leg while the vehicle was moving and once stopped, he began assaulting
her. 

 The offense of kidnapping is complete when a restraint is effected and there is
evidence the perpetrator intended to prevent liberation, either by secretion or deadly force. 
See Mason v. State, 905 S.W.2d 570, 575 (Tex. Crim. App.1995). The State charged Kelly
with abduction "by secreting or holding her in a place where she was not likely to be found.
. .." See Act of May 22, 1999, 76th Leg., R.S., ch. 790, § 1, 1999 Tex. Gen. Laws 3414
(amended 2003) (current version at Tex. Pen. Code Ann. § 20.01 (Vernon Supp. 2004));
Tex. Pen. Code Ann. § 20.04 (Vernon 2003). Secreting or holding the victim in a place
where she is not likely to be found can be established when a defendant forces a victim into
a car and moves the victim from one place to another. See Sanders v. State, 605 S.W.2d 612,
614 (Tex. Crim. App. 1980). See also Fann v. State, 696 S.W.2d 575, 576 (Tex. Crim. App.
1985); Wiley v. State, 820 S.W.2d 401, 409 (Tex. App.--Beaumont 1991, no pet.). The
victim's testimony established Kelly pushed her into the truck and drove away. Viewing all
of the evidence in the light most favorable to the verdict, we find any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See
Hernandez v. State, 10 S.W.3d 812, 821-22 (Tex. App.--Beaumont 2000, pet. ref'd) (citing
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Considering all
the evidence impartially and comparing the evidence which tends to prove the existence of
an elemental fact in dispute to the evidence which tends to disprove that fact, we find the
verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong
and manifestly unjust. Id. 10 S.W.3d at 822 (citing Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997)). Point of error one is overruled.

 Kelly's second point claims the trial court erred in refusing to admit prior inconsistent
videotaped statements made by the victim to impeach her credibility. The record reflects a
bench conference occurred regarding admission of the tape prior to a lunch break. At that
time, the trial judge indicated she felt the tape was not admissible but told defense counsel, 

 If you feel that strongly about it, you can spend your lunch time getting the
authorities for me to look at but I'm just suspecting there is not going to be one
that says I should let the videotape be used in that manner by a testifying
expert. You know, go for it. I'll still let you make your offer and rule on it at
the appropriate time. 


That offer was never made and the trial court did not rule on the admission of the victim's
videotaped statements. Accordingly, nothing is preserved for our review. See Tex. R. App.
P. 33.1. Point of error two is overruled.

 Point of error three contends the trial court erred in refusing to admit the testimony
of Amanda Presley to impeach the victim's reputation for truthfulness and veracity. The
record reflects Amanda Presley attends school with the victim and knows both the victim and
Kelly. Defense counsel asserted Presley would testify as to "her opinion of the truthfulness"
and the testimony was relevant as to "[t]he credibility of the complainant." On appeal, Kelly
asserts the evidence was admissible under Rule 608(a). See Tex. R. Evid. 608(a). 

 However, under Rule 103, error may not be predicated on a ruling which excludes
evidence unless a substantial right of the party is affected and the substance of the evidence
was presented to the court by offer of proof or was apparent from the context of the questions
asked. See Tex. R. Evid. 103(a)(2). Error in the exclusion of evidence may not be urged
unless the proponent perfected an offer of proof or a bill of exceptions. See Guidry v. State,
9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Here, Kelly failed to produce the testimony
complained of by way of an offer of proof. Absent a showing of what the testimony would
have been, Kelly has presented nothing for appellate review. See Simmons v. State, 100
S.W.3d 484, 495 (Tex. App.--Texarkana 2003, pet. ref'd), cert. denied, ____ U.S.___, 124
S.Ct. 2033, 158 L.Ed.2d 506 (2004); Ricketts v. State, 89 S.W.3d 312, 325 (Tex. App.--Fort
Worth 2002, pet. ref'd). Point of error three is overruled.

 In his fourth point of error, Kelly argues defense counsel's assistance was ineffective. 
Specifically, Kelly points to the following: (1) counsel failed to file and urge a motion to
suppress, or in any object to, his videotaped confession; (2) counsel failed to proffer the
testimony of Heather Mack concerning the victim's alleged sexual activity and pregnancy
shortly before the alleged assault; and (3) counsel failed to request an instruction at the
punishment phase on the affirmative defense of voluntary release in a safe place. 

 Kelly asserts defense counsel should have objected to the admission of his taped
confession on the grounds it was involuntary. See Tex. Code Crim. Proc. Ann. 38.22
(Vernon Supp. 2004). Kelly's brief fails to identify on what basis the confession was
involuntary. Kelly has not shown there was any arguable basis to exclude the confession. 
Accordingly, he has not demonstrated counsel's performance was deficient. See Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

 Kelly contends Heather Mack's testimony regarding the victim's prior sexual history
would have been admissible under Rule 412(b)(2)(A) and 412(b)(3) to rebut or explain
scientific or medical evidence offered by the State, namely, the evidence of recent tears of
the victim's vagina. See Tex. R. Evid. 412. The examining nurse testified the tears were
recent and the healing process had not begun. He further testified signs of healing would
appear within eight hours. Unless the prior sexual acts that Heather Mack would have
testified to could have been the cause of the vaginal tearing, the evidence would not have
been admissible. Kelly's brief does not refer this court to any evidence in the record
establishing when the prior sexual acts took place. Claims of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). It
has not been shown that defense counsel rendered ineffective assistance by failing to proffer
the testimony. 

 Lastly, Kelly maintains defense counsel was ineffective at the punishment phase of
trial in failing to obtain a jury instruction on mitigation of punishment under section 20.04(d)
of the Penal Code. See Tex. Pen. Code Ann. § 20.04(d) (Vernon 2003). This provision
allows a defendant who has been convicted of aggravated kidnapping to mitigate punishment,
if he can prove by a preponderance of the evidence that he voluntarily released the victim in
a safe place. See Posey v. State, 966 S.W.2d 57, 62-63 (Tex. Crim. App. 1998). Defense
counsel did not ask for a safe-release instruction, nor did counsel object to the trial court's
failure to include such an instruction in its charge. An affirmative finding by the jury that
Kelly safely released the victim would have resulted in a conviction of a second degree
felony, rather than first degree. See Tex. Pen. Code Ann. § 20.04(d). This would have
lowered the punishment range from five to ninety-nine years or life, to two to twenty years. 
See Tex. Pen. Code Ann. §§ 12.32, 12.33 (Vernon 2003). "Because of the significant
difference in punishment, it is inconceivable that appellant's counsel would have had some
trial strategy for not requesting an instruction on safe release." See Storr v. State, 126
S.W.3d 647, 653 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd). Like Storr, this is not
a case where there was no evidence of safe release. Id. at 652-53. Accordingly, we find the
first prong of Strickland is satisfied. See Strickland v. Washington, 466 U.S. 668, 686, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim.
App. 1997).

 Kelly must also establish the second prong, that but for counsel's errors, there is a
reasonable probability the result of the proceeding would have been different. See Rivera
v. State, 123 S.W.3d 21, 32 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd). We will not
reverse a conviction for ineffective assistance at the punishment stage unless the appellant
shows prejudice as a result of deficient attorney performance. Id. 

 To determine whether a kidnaping victim was released in a safe place, we consider: 
(1) the remoteness of the location; (2) the proximity of authorities or persons who could aid
or assist; (3) the time of day; (4) climatic conditions; (5) the condition of the victim; (6)
the character of the location or surrounding neighborhood; and (7) the victim's familiarity
with the location or surrounding neighborhood. See McLaren v. State, 104 S.W.3d 268, 273
(Tex. App.--El Paso 2003, no pet.). We may also consider the victims' subjective feeling of
safety, but these feelings should not be an overriding factor. Id. It is not the State's burden
to prove a negative -- that the defendant did not voluntarily release the victim in a safe place
- but the defendant's burden to prove that he did. See Nolan v. State, 102 S.W.3d 231, 237
(Tex. App.--Houston [14th Dist.] 2003, pet. ref'd). 

 Kelly testified he dropped the victim off at an intersection, with four-way stop signs,
immediately inside the subdivision where the victim's house and her aunt's house are
located. Kelly told her to get out, but said he did not threaten her. The victim testified Kelly
drove back to her neighborhood and stopped at the first intersection, Baltzell and the main
drive into her house. Kelly asked if she knew the location of her aunt's house. The victim
got out and Kelly told her not to tell or she would be sorry. Kelly drove off, in the direction
of her aunt's house, so she started to walk a different way. The victim testified she did not
walk to her house because she did not have her keys and the house was locked. She started
walking towards Luci street because she was afraid of Kelly coming back. She did not go
to any house to try and get help because she was confused and just wanted to get back. She
turned around and walked back down Baltzell, in the ditch so she could hide if a car
approached, and reached her aunt's house. 

 The release did not occur in a remote location, but in the victim's own subdivision. 
Being a subdivision, there were probably persons in the proximity who could aid or assist the
victim, but it was after midnight on New Year's Eve. The record does not reflect the climatic
conditions at the time of the release but the victim did testify she was cold when first
abducted. The testimony of the examining nurse indicates the victim was not injured, except
for the vaginal tears. The record does not indicate the character of the neighborhood. The
victim was familiar with the location.

 We are unable to determine from this evidence whether the release was in a safe place. 
While some evidence suggests it was, that evidence is incomplete. Furthermore, the sentence
assessed by the jury is within the range for a second degree felony. The jury assessed the
same sentence of eleven years on the count of sexual assault of a child. We take note of the
fact that the jury had been informed Kelly was eligible for community supervision if the
sentence was ten years or less. Also, the jury heard testimony during the punishment phase
that Kelly, as a juvenile, was accused of aggravated sexual assault on two small children but
the case was not prosecuted. Moreover, the release of the victim may have been a factor in
the jury's assessment of Kelly's sentence, even without an instruction. 

 Kelly's only argument regarding prejudice is that if the instruction had been given,
"a finding would have allowed the jury [to] find that his punishment should only be in the
second degree felony range of 2-20 years. . . . This would have reduced the range of
maximum punishment from life in prison - which was considered by the jury in this case -
to a maximum of only 20 years." The jury did assess punishment within the range for a
second degree felony. In light of the seriousness of the charges and the sentence assessed
on the other count, we find Kelly has not established that but for counsel's errors, there is a
reasonable probability the result of the proceeding would have been different. For all these
reasons, point of error four is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on October 1, 2004 

Opinion Delivered November 24, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. We do, however, warn that other courts may take a less accommodating approach and
either choose for the appellant, thus waiving one argument, or consider the issue improperly
briefed, thus waiving both.