# NO. 12-08-00420-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NATHANIEL HOWARD, III,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Nathaniel Howard, III appeals his conviction for aggravated kidnapping with a deadly weapon. He entered a guilty plea and a jury sentenced him to life in prison. In his sole issue, Appellant contends his trial counsel was ineffective. We affirm.

### BACKGROUND

Appellant was charged with aggravated sexual assault and aggravated kidnapping because, after stabbing a coworker, he forced her into her car and drove her to a remote area where he sexually assaulted her. He then drove her back into town to a location not far from where he kidnapped her. He left her in her car and she drove herself home. As charged, both offenses constituted first degree felonies. Appellant pleaded guilty to both offenses and elected to have a jury assess punishment. The jury sentenced him to imprisonment for life in each case.[1]

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends that his trial counsel rendered ineffective assistance

---

[1] We have previously disposed of the appeal of the aggravated sexual assault case. *See* **Howard v. State**, No. 12-08-00421-CR (Tex. App.–Tyler Aug. 25, 2010, pet. ref'd).

of counsel. He argues that counsel's failure to seek an instruction regarding voluntary release of the victim, which would have capped his maximum punishment at twenty years of imprisonment, constitutes ineffective assistance.

## Standard of Review

To prove ineffective assistance of counsel, an appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-92, 104 S. Ct. 2052, 2064-67, 80 L. Ed. 2d 674 (1984). This requires the appellant to demonstrate a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id*. at 694, 104 S. Ct. at 2068; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

There is a strong presumption that counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. When the record is silent as to the reasons for counsel's conduct, a finding that counsel was ineffective would normally require impermissible speculation by the appellate court. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). However, when no reasonable trial strategy could justify trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as he did. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

## Applicable Law

Ordinarily, aggravated kidnapping is a first degree felony carrying a punishment range of up to life imprisonment. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010), § 20.04(c) (Vernon 2003). However, if, at the punishment phase of the trial, the defendant proves that he voluntarily released the victim in a safe place, the offense is a felony of the second degree, the

maximum possible term of imprisonment for which is twenty years. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010), § 20.04(d) (Vernon 2003). Defense counsel's failure to request a jury instruction can render his assistance ineffective if, under the particular facts of the case, the trial court would have erred in refusing the instruction had counsel requested it. ***Vasquez v. State***, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992).

**Discussion**

Appellant contends that since there is some evidence that he voluntarily released his victim in a safe place, he had a right to submit this fact question to the jury and that when trial counsel failed to seek the instruction, his representation fell below an objective standard of reasonableness. Further, he argues, had trial counsel requested the instruction, and had the jury found in his favor on that issue, the result of the proceeding would have been different because he would have received considerably less prison time.

The record shows that, after the assault, Appellant drove the victim back into town to a location near her place of employment. He left her in her car and she drove herself home. For purposes of our discussion, we will assume that the evidence that Appellant released the victim in a safe place was sufficient to entitle him to the Section 20.04(d) jury instruction. *See **Trevino v. State***, 100 S.W.3d 232, 237-38 (Tex. Crim. App. 2003); ***Williams v. State***, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993). The record is silent as to the reason counsel did not request the instruction. As discussed below, the evidence does not conclusively establish that Appellant voluntarily released the victim in a safe place. However, under these facts, if we were at liberty to speculate, we could imagine no trial strategy that can explain the failure of trial counsel to request a safe release instruction. *See **Storr v. State***, 126 S.W.3d 647, 653 (Tex. App.–Houston [14th Dist.] 2004, pet ref'd) (appellate court held it "inconceivable" that counsel could have some trial strategy for not requesting an instruction on safe release where the evidence conclusively established that the defendant voluntarily released the complainant in a safe place). Thus, we assume that counsel's performance was deficient because it is not reasonable to fail to request an instruction that could result in assessment of a much lower sentence. *See **Andrews***, 159 S.W.3d at 102; ***Young v. State***, 991 S.W.2d 835, 839 n.5 (Tex. Crim. App. 1999).

Next, we address whether the result of the proceeding would have been different but for trial counsel's deficient performance. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068. The

3

jury sentenced Appellant to life in prison, the maximum possible prison sentence without the safe release instruction. Through application of the Section 20.04(d) instruction, if the jury found that Appellant voluntarily released the victim in a safe place, he would have received a sentence of up to only twenty years in prison. TEX. PENAL CODE ANN. §§ 12.33, 20.40(d). Thus, we must consider the evidence to determine whether Appellant proved he released the victim in a safe place. There are many factors to consider in determining whether a victim was released in a safe place, including (1) the remoteness of the location, (2) the proximity of authorities or persons who could aid or assist, (3) the time of day, (4) climatic conditions, (5) the condition of the victim, (6) the character of the location or surrounding neighborhood, and (7) the victim's familiarity with the location. *Storr*, 126 S.W.3d at 649.

The attack began at the victim's place of employment, a Sonic in Tyler, at about 6:00 a.m. on April 19, 2007. After the abduction and sexual assault, Appellant returned the victim to a location very near the Sonic. From this evidence, the jury could infer that she was not left in a remote location, she was familiar with the area, and the weather was probably mild. She was able to drive herself home, so the jury might have inferred that there was nothing about her condition to indicate she was not safe. However, the medical evidence revealed that she had multiple abrasions and appeared traumatized. The stab wound had injured her liver and led to blood in her right chest area. While the jury may have found that the victim was released in a safe place, it also may have found that, due to her physical condition, she was not released in a safe place as the phrase is used in the statute. *See Clark v. State*, 190 S.W.3d 59, 62-63 (Tex. App.–Amarillo 2005, no pet.) (where record showed victim was beaten, burned, and unable to walk or stand, and there was no one near to assist, safe release instruction was not warranted by the evidence).

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064. On this record, due to the victim's physical condition, we are unable to say that the jury would have determined that Appellant left her in a safe place. Thus, we are unable to say that the sentencing phase of the trial cannot be relied on as having produced a just result. *Id*. Because Appellant has not demonstrated a reasonable probability that the result of the proceeding would have been

different if trial counsel had acted professionally, he has not proven his trial counsel was ineffective.  We overrule Appellant's sole issue.

## DISPOSITION

We *affirm* the trial court's judgment.


 **BRIAN HOYLE**
Justice


Opinion delivered April 6, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)