MARY'S OPINION HEADING 








NO. 12-08-00420-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

NATHANIEL
HOWARD, III,                      §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Nathaniel
Howard, III appeals his conviction for aggravated kidnapping with a deadly
weapon.  He entered a guilty plea and a jury sentenced him to life in prison. 
In his sole issue, Appellant contends his trial counsel was ineffective.  We
affirm.

 

Background

            Appellant
was charged with aggravated sexual assault and aggravated kidnapping because,
after stabbing a coworker, he forced her into her car and drove her to a remote
area where he sexually assaulted her.  He then drove her back into town to a
location not far from where he kidnapped her.  He left her in her car and she
drove herself home.  As charged, both offenses constituted first degree
felonies.  Appellant pleaded guilty to both offenses and elected to have a jury
assess punishment.  The jury sentenced him to imprisonment for life in each
case.[1]

 

Ineffective Assistance of Counsel

            In
his sole issue, Appellant contends that his trial counsel rendered ineffective
assistance of counsel.  He argues that counsel’s failure to seek an instruction
regarding voluntary release of the victim, which would have capped his maximum
punishment at twenty years of imprisonment, constitutes ineffective assistance.

Standard
of Review

            To
prove ineffective assistance of counsel, an appellant must show that (1) trial
counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and (2) the result of the proceeding
would have been different but for trial counsel’s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 688-92, 104 S. Ct. 2052, 2064-67, 80 L.
Ed. 2d 674 (1984).  This requires the appellant to demonstrate a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally.  Id. at 694, 104 S. Ct.
at 2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  A reasonable probability is a probability sufficient to undermine confidence
in the outcome.  Strickland, 466 U.S. at 694, 104 S. Ct. at
2068.  

There
is a strong presumption that counsel’s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  To overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  When the record is silent as to the reasons for counsel’s
conduct, a finding that counsel was ineffective would normally require
impermissible speculation by the appellate court.  Stults v. State,
23 S.W.3d 198, 208 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d).  However,
when no reasonable trial strategy could justify trial counsel’s conduct,
counsel’s performance falls below an objective standard of reasonableness as a
matter of law, regardless of whether the record adequately reflects trial
counsel’s subjective reasons for acting as he did.  Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

Applicable
Law

Ordinarily,
aggravated kidnapping is a first degree felony carrying a punishment range of
up to life imprisonment.  See Tex.
Penal Code Ann. § 12.32 (Vernon Supp. 2010), § 20.04(c) (Vernon 2003). 
However, if, at the punishment phase of the trial, the defendant proves that he
voluntarily released the victim in a safe place, the offense is a felony of the
second degree, the maximum possible term of imprisonment for which is twenty
years.  See Tex. Penal Code Ann. §
12.33 (Vernon Supp. 2010), § 20.04(d) (Vernon 2003).  Defense counsel’s failure
to request a jury instruction can render his assistance ineffective if, under
the particular facts of the case, the trial court would have erred in refusing
the instruction had counsel requested it.  Vasquez v. State, 830
S.W.2d 948, 951 (Tex. Crim. App. 1992).    

Discussion

            Appellant
contends that since there is some evidence that he voluntarily released his
victim in a safe place, he had a right to submit this fact question to the jury
and that when trial counsel failed to seek the instruction, his representation
fell below an objective standard of reasonableness.  Further, he argues, had trial
counsel requested the instruction, and had the jury found in his favor on that
issue, the result of the proceeding would have been different because he would
have received considerably less prison time.

            The
record shows that, after the assault, Appellant drove the victim back into town
to a location near her place of employment.  He left her in her car and she
drove herself home.  For purposes of our discussion, we will assume that the
evidence that Appellant released the victim in a safe place was sufficient to
entitle him to the Section 20.04(d) jury instruction.  See Trevino v.
State, 100 S.W.3d 232, 237-38 (Tex. Crim. App. 2003); Williams v.
State, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993).  The record is
silent as to the reason counsel did not request the instruction.  As discussed
below, the evidence does not conclusively establish that Appellant voluntarily
released the victim in a safe place.  However, under these facts, if we were at
liberty to speculate, we could imagine no trial strategy that can explain the
failure of trial counsel to request a safe release instruction.  See Storr
v. State, 126 S.W.3d 647, 653 (Tex. App.–Houston [14th Dist.] 2004, pet
ref’d) (appellate court held it “inconceivable” that counsel could have some
trial strategy for not requesting an instruction on safe release where the
evidence conclusively established that the defendant voluntarily released the
complainant in a safe place).  Thus, we assume that counsel’s performance was
deficient because it is not reasonable to fail to request an instruction that
could result in assessment of a much lower sentence.  See Andrews,
159 S.W.3d at 102; Young v. State, 991 S.W.2d 835, 839 n.5 (Tex.
Crim. App. 1999).  

            Next,
we address whether the result of the proceeding would have been different but
for trial counsel’s deficient performance.  See Strickland, 466
U.S. at 694, 104 S. Ct. at 2068.  The jury sentenced Appellant to life in
prison, the maximum possible prison sentence without the safe release
instruction.  Through application of the Section 20.04(d) instruction, if the
jury found that Appellant voluntarily released the victim in a safe place, he
would have received a sentence of up to only twenty years in prison.  Tex. Penal
Code Ann. §§ 12.33, 20.40(d).  Thus, we must consider the evidence to
determine whether Appellant proved he released the victim in a safe place. 
There are many factors to consider in determining whether a victim was released
in a safe place, including (1) the remoteness of the location, (2) the
proximity of authorities or persons who could aid or assist, (3) the time of
day, (4) climatic conditions, (5) the condition of the victim, (6) the
character of the location or surrounding neighborhood, and (7) the victim’s
familiarity with the location.  Storr, 126 S.W.3d at 649.  

            The
attack began at the victim’s place of employment, a Sonic in Tyler, at about
6:00 a.m. on April 19, 2007.  After the abduction and sexual assault, Appellant
returned the victim to a location very near the Sonic.  From this evidence, the
jury could infer that she was not left in a remote location, she was familiar
with the area, and the weather was probably mild.  She was able to drive
herself home, so the jury might have inferred that there was nothing about her
condition to indicate she was not safe.  However, the medical evidence revealed
that she had multiple abrasions and appeared traumatized.  The stab wound had
injured her liver and led to blood in her right chest area.  While the jury may
have found that the victim was released in a safe place, it also may have found
that, due to her physical condition, she was not released in a safe place as
the phrase is used in the statute.  See Clark v. State, 190
S.W.3d 59, 62-63 (Tex. App.–Amarillo 2005, no pet.) (where record showed victim
was beaten, burned, and unable to walk or stand, and there was no one near to
assist, safe release instruction was not warranted by the evidence).  

The
benchmark for judging any claim of ineffectiveness must be whether counsel’s
conduct so undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result.  Strickland,
466 U.S. at 686, 104 S. Ct. at 2064.  On this record, due to the victim’s
physical condition, we are unable to say that the jury would have determined
that Appellant left her in a safe place.  Thus, we are unable to say that the
sentencing phase of the trial cannot be relied on as having produced a just
result.  Id.  Because Appellant has not demonstrated a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally, he has not proven his trial counsel was
ineffective.  We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

 

 

  Brian Hoyle  

      
Justice

 

 

Opinion delivered April 6, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                            (DO
NOT PUBLISH)                        

 









                [1] We have previously disposed
of the appeal of the aggravated sexual assault case.  See Howard v. State,
No. 12-08-00421-CR (Tex. App.–Tyler Aug. 25, 2010, pet. ref’d).