**Affirmed and Memorandum Opinion filed July 11, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00470-CR

---

**VEYONKA TESHEL POUNCY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1186459**

---

## M E M O R A N D U M    O P I N I O N

Appellant Veyonka Teshel Pouncy appeals her conviction for murder. *See* Tex. Penal Code Ann. § 19.02 (West 2011). In two issues, appellant argues that she received ineffective assistance of counsel because her trial counsel failed to request a multiple assailants self-defense instruction and failed to object to the omission of that instruction from the jury charge. Because the record is silent

concerning trial counsel's reasons for failing to request a multiple assailants instruction, we affirm.

## BACKGROUND

Appellant and the complainant, Ashley Tillis, lived in adjacent townhouses. Animosity between the two women started when appellant removed a gate that belonged to Tillis. The rocky relationship between the neighbors continued to grow as a result of parking and noise problems. On October 6, 2008, appellant arrived home from work just before midnight. As appellant exited her vehicle, Tillis approached appellant and asked to speak with her. When appellant refused, the two began to argue. After Tillis threw a glass to the ground in the area near appellant, the argument escalated into a physical struggle. Ronnie Miller, a friend of Tillis, watched the fight and then approached the two women.

At this point, the witnesses told two different stories. Miller, the State's witness, testified that he approached the two women only to carry Tillis back to her townhouse. Miller testified that he did not see appellant use brass knuckles during the fight, but that appellant was winning the fight. But appellant, who testified in her own defense, claimed that she suffered from fibromyalgia and degenerative joint disease, so she used brass knuckles on Tillis to overcome Tillis's strength. Appellant testified that Miller then joined in the fight, grabbed her, and put her in a headlock. The altercation ended when Tillis and Miller retreated from appellant's carport and then returned to Tillis's townhouse.

A second confrontation occurred soon after the first came to an end. Again, the witnesses told two dramatically different stories regarding the second incident. The State's witnesses all testified that there was not a second fight.[1] Instead, they

---

[1] The State's witnesses were Aaron Glapion, Troy Domino, Ronnie Miller, and Jonathan Chisholm. Glapion and Domino were neighbors who lived across the street from appellant's and

2

testified that Tillis returned to the fence outside appellant's townhouse to continue arguing with appellant. They also testified that appellant tried to lure Tillis further onto her property, but Tillis refused. The State's witnesses testified that appellant stood by her door while a weaponless Tillis remained by appellant's gate. The argument lasted about ten or fifteen minutes until appellant pulled out a gun and fired twice, hitting Tillis once.

Appellant, however, testified that Tillis, Miller, and a late-arriving friend of Tillis, Jonathan Chisholm, all attacked her while she tried to enter her own townhouse. Appellant testified that she collapsed to the ground because she was short of breath and tired from the first fight. According to appellant, her three assailants continued attacking her while she lay on the ground. Appellant testified that she heard one of her attackers suggest stabbing her. In fear for her life, appellant testified she pulled a pistol out of her pants and fired two shots. Tillis was hit in the chest by one of the shots.

Tillis, with the help of her two friends, Miller and Chisholm, returned to her townhouse. A neighbor, Aaron Glapion, called 9-1-1. Tillis died a few hours later in the hospital as the result of a single gunshot wound to the chest.

The trial court charged the jury on the crime of murder and included a self-defense instruction.[2] The self-defense instruction referenced only a single alleged

Tillis's townhomes, and they were uncles of Tillis's son.

[2] Part of the self-defense section of the jury charge read: "Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree she reasonably believes the force is immediately necessary to protect herself against the other person's use or attempted use of unlawful force. The use of force against another is not justified in response to verbal provocation alone. . . . In determining the existence of real or apparent danger, you should consider all the facts and circumstances in evidence before you, all relevant facts and circumstances surrounding the offense, if any, the previous relationship existing between the defendant and Ashley Tillis, together with all relevant facts and circumstances going to show the condition of the mind of the defendant at the time of the offense . . . ."

assailant, Tillis, and did not include a multiple assailants instruction. Appellant's counsel did not object to the jury charge as given nor did he request a multiple assailants instruction. The jury convicted appellant of murder and sentenced her to 25 years in prison. Appellant appealed without filing a motion for a new trial.

ANALYSIS

Appellant raises two issues on appeal, which we consolidate into one. Appellant argues that she received ineffective assistance of counsel because her counsel failed to request an instruction for self-defense of multiple assailants and failed to object to the omission of that instruction from the jury charge.

To prevail on an ineffective assistance of counsel claim, appellant must first show that trial counsel's performance fell outside the "'wide range of professionally competent assistance.'" *Mata v. State*, 226 S.W.3d 425, 428 (Tex. Crim. App. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). In the absence of direct evidence to the contrary, we must strongly presume that counsel's conduct falls within this range. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

For an appellate court to hold that trial counsel's performance was deficient, the record must affirmatively demonstrate the deficiency. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "[I]n almost all cases," direct appeal is an inadequate vehicle for raising an ineffective assistance claim because the record is generally underdeveloped. *See Andrews*, 159 S.W.3d at 102; *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Ordinarily, counsel should have an opportunity to explain his or her actions before being held ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

4

In this case, the record is silent on trial counsel's reasoning for not requesting a multiple assailants instruction because appellant did not file a motion for new trial. Accordingly, we may not hold counsel's performance deficient unless "the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation marks omitted). More specifically, it must be apparent from the record "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez*, 343 S.W.3d at 143.

Appellant acknowledges that ineffective assistance of counsel claims on direct appeal usually fail to overcome the presumption of reasonable conduct, but she argues her case is similar to others that have held on a silent record that trial counsel performed deficiently. As explained below, we disagree because her trial counsel's failure to request a multiple assailants instruction did not deprive appellant of her sole defense or of a defense supported by conclusive evidence.

In *Vasquez v. State*, the first case cited by appellant, the court held that trial counsel was ineffective when he failed to request a jury charge instruction on the necessity defense. 830 S.W.2d 948, 949 (Tex. Crim. App. 1992) (per curiam).[3] Instead of arguing the necessity defense, trial counsel in *Vasquez* argued self-defense, which was neither supported by the evidence nor an available statutory defense to possession of a firearm by a felon. *Id.* Thus, by failing to request a instruction on the necessity defense, trial counsel in *Vasquez* deprived the

---

[3] The record in *Vasquez* was not entirely silent because the court noted that trial counsel failed to conduct any independent investigation into the facts and it appeared that counsel did not fully research the law. *Vasquez*, 830 S.W.2d at 951 n. 4.

defendant of his only viable defense. *Id.*[4]

In *Villa v. State*, the second case cited by appellant, the court held that trial counsel was ineffective when he failed to request an instruction on the medical-care defense. 370 S.W.3d 787, 796-97 (Tex. App.—Eastland 2012, pet. granted). Because the State charged the defendant with aggravated sexual assault, the statutory medical-care defense was available. *Id.* at 791-92. Trial counsel built his entire case in *Villa* on the medical-care defense, so when he failed to request that the instruction be included in the jury charge, he deprived the defendant of his sole defense. *Id.* at 796.

In *Storr v. State*, the third case cited by appellant, this Court held that trial counsel was ineffective when he failed to obtain a jury instruction on mitigation of punishment for voluntary release of a kidnapping victim and failed to object to its omission from the charge. 126 S.W.3d 647, 653 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The jury in *Storr* convicted the defendant of aggravated kidnapping. *Id.* at 649. Because trial counsel failed to request a mitigation instruction for the punishment phase despite the conclusive evidence of voluntary release, the possible prison sentence ranged from 5 to 99 years instead of from 2 to 20 years, and the jury sentenced the defendant to 35 years. *Id.* at 650. We concluded that no trial strategy could explain counsel's failure. *Id.* at 653.

In each of those cases, trial counsel deprived the defendant of his only viable defense or of a mitigating factor supported by conclusive evidence and, as a result, the appellate court could hold that trial counsel was ineffective despite the lack of a

---

[4] Although no court had held at the time of the trial that necessity was a defense to possession of a firearm by a felon, the statute did not exclude necessity as a defense. Because Vasquez's testimony sufficiently raised the necessity defense, the court held that counsel should have recognized the evidence and requested the necessity defense instruction. *Vasquez*, 830 S.W.2d at 950-51.

record of trial counsel's reasoning. In this case, however, trial counsel's failure to request a multiple assailants instruction or object to its omission did not deprive appellant of her only viable defense because appellant received a self-defense instruction as to Tillis. In his closing argument, appellant's trial counsel focused on Tillis, explaining the self-defense instruction, arguing appellant was defending against Tillis's assault, and questioning the credibility of the State's witnesses, who were either friends or relatives of Tillis.

Furthermore, trial counsel's failure to request a multiple assailants instruction did not deprive appellant of a defense supported by conclusive evidence. The evidence that appellant shot Tillis to defend herself—whether from Tillis or multiple assailants—was sharply controverted as discussed in the background section above, and appellant does not argue that the evidence was insufficient for the jury to reject her side of the story. Accordingly, we cannot say on this silent record that trial counsel's focus on Tillis rather than on multiple assailants was so outrageous as to override the presumption that appellant received competent assistance of counsel. *See Jaynes v. State*, 216 S.W.3d 839, 855 (Tex. App.—Corpus Christi 2006, no pet.) (holding trial counsel may reasonably choose between available defensive theories as a matter of trial strategy). Appellant has not rebutted the presumption of competence on this record. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *see also Lopez*, 343 S.W.3d at 142-44 (holding appellant failed to rebut presumption without speculating). We therefore overrule appellant's issues.[5]

---

[5] This disposition does not affect appellant's entitlement to submit her ineffective-assistance complaints or other appropriate constitutional complaints for review on the merits in an application for a writ of habeas corpus. *Rylander*, 101 S.W.3d at 111 n. 1; *Bone v. State*, 77 S.W.3d 828, 837 n. 30 (Tex. Crim. App. 2002).

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.

/s/ J. Brett Busby
   Justice

Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).